## HEILBRON et al. v. CAMPBELL, Judge.

### No. 13,478; December 28, 1889.

### 23 Pac. 122.

**Judge—Disqualification.**—Under Code of Civil Procedure, section 170, disqualifying judges to act who are interested in the controversy, where three parties are adversely claiming to be the owners of a certain tract of land, one of whom is the judge, and the other two adverse litigants before him, asking him to determine which of them is the owner of the land which he claims to own, and to appoint a receiver for said land, a writ of prohibition will issue to prevent him from acting further in said cause.[1]

---

[1] Cited and followed in Adams v. Minor, 121 Cal. 374, 53 Pac. 816, where a bank of which the judge was a stockholder intervened, and the issues involved the validity of bonds owned by it.

Cited and followed in Meyer v. City of San Diego, 121 Cal. 110, 66 Am. St. Rep. 29, 41 L. R. A. 765, 53 Pac. 437, where the rule of disqualification was held inexorable in cases where the judge's interest is such that his rulings must affect himself. In that case the judge was a tax-payer, and the proceeding before him one to set aside a contract for waterworks, payment for which called for the issue of forty year bonds and a special tax in that connection.

Cited with approval in Meyer v. City of San Diego, 121 Cal. 106, 66 Am. St. Rep. 26, 41 L. R. A. 764, 53 Pac. 435, where it is intimated that the disqualification does not assume necessarily that a judge will have an eye to self-interest in his rulings, but rests on public policy, which is intolerant of a mere appearance of bias.

S. C. Denson, George R. B. Hayes and A. L. Hart for petitioners; Garber, Boalt & Bishop (Craig & Meredith of counsel) for respondent.

WORKS, J.—This is an application by the petitioners against the respondent, as judge of the superior court of the county of Fresno, to prevent him from proceeding further in an action pending in said court, in which Charlotte F. Clarke et al. are plaintiffs and the petitioners are defendants. The petition shows, in substance, that in 1880 an agreement was entered into by and between the petitioners and one Jeremiah Clarke by which the petitioners leased from said Clarke, for a term of years, a certain tract of land in said county of Fresno, being a part of what is known as the "Laguna de Tache Rancho," and in which agreement it was provided that the petitioners should have the option, during said lease, to purchase said property at the price and on the terms therein named; that the petitioners took possession of said property under said lease and contract, and complied with all its terms and conditions; that the said Charlotte F. Clarke, who was the wife of Jeremiah Clarke, made application for and procured letters of guardianship over the property of her said husband on the ground of his unsoundness of mind, and before the expiration of said lease, and before the time given the petitioners by said lease and contract to exercise their option to purchase said property, she, as such guardian, brought an action in said court to set aside said contract on the ground that said Clarke was at the time he executed the same of unsound mind; that said cause was tried before the respondent as judge of said court, and findings and judgment rendered in favor of the plaintiff, and a motion for a new trial has been made, and is pending before the respondent; that a motion has also been made by said plaintiff for the appointment of a receiver to take charge of said property, which is also pending. As a reason why the respondent should be prohibited from acting further in said cause, it is alleged that during the pendency thereof before him he purchased a certificate of purchase for a certain tract of land, consisting of two hundred and fifty-seven acres, which is a part of the land included in said lease and contract, and of which the petitioners took and held possession thereunder, and a part of the land claimed by each of

the parties in said action and in controversy between them, and that the respondent still holds and owns said certificate, and claims to own said property. There are also other allegations, not necessary for us to notice particularly. The respondent demurs to the petition, and also answers the same. In his answer he denies that the land purchased and claimed by him is a part of said ranch, but he does not deny that the parties to said action are claiming it to be a part thereof, or that the petitioners are in possession of it, claiming it to be within their contract, or that it is in controversy between the parties in said action.

So, putting the matter in the most favorable light for the respondent, we have a case in which three parties are adversely claiming to be the owners of a certain tract of land, one of whom is a judge of the court, and the other two adverse litigants before him, asking him, by his judgment, to determine which of them is the owner of the land which he claims to own. Not only so, but he is asked to appoint a receiver to take possession of land which he claims to own, and account to him for its management. He is called upon by the application for a receiver, or may be, to determine what lands shall go into the hands of such receiver. As he claims a part of the land, and asserts that it is not within the larger tract in dispute, the temptation to exclude it in making his order will at once arise; and, if his land is to go into the hands of a receiver, it must be of some interest to him who shall become such receiver, and take charge of and manage the land. It seems to us that neither argument nor authority is necessary to show that a judge should be prohibited from sitting in a cause under such circumstances; but we cite Code of Civil Procedure, section 170; North Bloomfield etc. Min. Co. v. Keyser, 58 Cal. 315; Stockwell v. Board, 22 Mich. 341; Hall v. Thayer, 105 Mass. 219, 7 Am. Rep. 513; Cottle's Appeal, 5 Pick. (Mass.) 483; Sigourney v. Sibley, 21 Pick. 101, 32 Am. Dec. 248; Coffin v. Cottle, 9 Pick. 287; Gay v. Minot, 3 Cush. (Mass.) 352; Moses v. Julian, 45 N. H. 52, 84 Am. Dec. 114; Oakley v. Aspinwall, 3 N. Y. 547.

It is contended that our statute only disqualifies a judge where he has a direct interest in the result of the suit, and that as in this case a judgment for or against either of the parties, determining the controversy between them, could

not bind the judge, or affect his title to the land claimed by him, he was not disqualified. But we cannot give the statute this narrow construction. It should be the duty and desire of every judge to avoid the very appearance of bias, prejudice, or partiality; and to this end he should decline to sit, or, if he does not, should be prohibited from sitting, in any case in which his interest in the subject matter of the action is such as would naturally influence him either one way or the other. We have shown how a judge might, and probably would, be influenced to act in the appointment of a receiver. In the decision of the action on its merits, the temptation to decide in favor of one party or the other might be equally strong. It might become very important to him to have the land go to one of the claimants rather than the other. One might be friendly to him and his claim, and the other not. With one a compromise might be easy, and with the other difficult. One might be much more inclined, and more able, pecuniarily or otherwise, then the other, to litigate his claim against him. And, aside from what might influence the judge under such circumstances, it appears to us to be unseemly for a judge to sit in an action involving the title, as between the litigants, to a subject matter of which he claims to be the sole owner, and must in the end litigate as between himself and the litigant who succeeds to the property by his judgment.

The question whether the taking of testimony was necessary was discussed at the argument. The view we have taken of the issues renders this unnecessary. Let the writ issue prohibiting the respondent, Campbell, from acting further in said cause.

We concur: McFarland, J.; Sharpstein, J.; Fox, J.; Paterson, J.