## HEILBRON v. CAMPBELL, Judge.

### No. 13,478; September 3, 1890.

#### 24 Pac. 930.

**Judge—Disqualification.—The Answer of a Judge to a Petition** to restrain him from further acting as judge in a case pending before him admitted that he claimed to be the owner of certain land. The petitioner, who was a party to such pending action, claimed in his petition that said land was involved in the said action pending before the judge. Held, that a prohibitory order would issue to such judge, though by his answer he declared that, his attention having been called to the fact that the land claimed by him was claimed to be involved in the suit, he would not further act in it.

S. C. Denson, Geo. R. B. Hayes and A. L. Hart for petitioner; Garber, Boalt & Bishop (Craig & Meredith of counsel) for respondent.

PER CURIAM.—This case was originally heard upon demurrer to the petition, an answer being filed at the same time. The demurrer, though not in terms, was in legal effect overruled, and a judgment final entered which was open to the construction that the same was given upon the petition and answer. Subsequently, upon motion, this decision was set aside, and the defendant was allowed to file an amended answer, and the case was placed on the Sacramento calendar for such further proceedings as counsel should be advised. Upon the call of the case, defendant moved the court for an order of reference to take testimony. This was met by a counter-motion for judgment in favor of plaintiff on the pleadings. Both motions were argued at some length, and the matter was submitted with the understanding, on the part of court at least, that counsel would confer, and see if they could agree upon issues which they deemed necessary to try, and if so upon a referee to be appointed; the plaintiff, however, insisting that he was entitled to judgment, as prayed, upon facts admitted in the amended answer.

We have not been advised of any agreement between counsel, and have therefore examined the case upon the motion for judgment. By his amended answer the defendant admits that in September, 1888, he purchased, and claims to be now the owner of, the lands embraced in swamp-land location No.

2770. This tract of land plaintiff, in his petition, claims is a part of the lands in controversy in the case of Clarke et al. v. Heilbron et al. Defendant denies that it is a part of said tract. It is thus apparent that there is a direct conflict between the parties, at least on one side, of the case of Clarke et al. v. Heilbron et al. and the judge before whom the case is pending, as to the ownership of a portion of the land included in that suit. For the reasons stated in the former opinion filed herein, December 28, 1889 (3 Cal. Unrep. 204, 23 Pac. 122), it would therefore be highly improper for him to act as judge in the case. He admits that it was his intention to act upon the hearing of any motion or proceeding that might be taken in the case, but says that now that his attention is called to the fact that it is claimed by one of the parties that the land which he claims is a part of the land involved in the suit, he will not further act in the premises, and, upon the faith of this statement, it is claimed in his behalf that this proceeding should be dismissed. Such a statement might be persuasive to the other party to make a voluntary dismissal of the case, but it does not authorize the court to order a dismissal. In view, therefore, of the fact that it appears from the answer that the defendant, Campbell, judge of the superior court of the county of Fresno, claims to be the owner of certain property claimed by the defendants, in the suit of Clarke et al. v. Heilbron et al., now pending before him, to be a part of the property constituting the subject matter in controversy, it is by the court now here ordered and adjudged that the writ of prohibition issue in this cause, as prayed, commanding the said J. B. Campbell, judge of the superior court in and for the county of Fresno, to absolutely desist and refrain from sitting or acting as judge in any proceeding had or to be had in the case of Charlotte F. Clarke et al. v. August Heilbron et al., now pending in said superior court, or from making any further or other order in the cause, except such as may pertain to the arrangement of the calendar of his court, or for the transfer of the cause to some other court or judge, or such as may be agreed upon by counsel on both sides. It is further ordered that neither party recover costs in this case.

Beatty, C. J., being disqualified, did not participate in the consideration or decision hereof.

PATERSON, J.—I dissent. There is no necessity for a prohibitory order. The judge has declared in his answer herein that he "does not intend to, and will refuse to, hear or determine any motion, or to sit or act in any proceeding whatever," in the cause. Any prosecution of this proceeding after such a declaration is liable to be construed as an attempt to punish the judge for his past acts. I am at a loss to understand the object of the order.