[No. 1624.]

THE STATE OF NEVADA, EX REL. THE BULLION AND EXCHANGE BANK, RELATOR, v. C. E. MACK, AS DISTRICT JUDGE, ETC., RESPONDENT, AND DORA WILLIAMS, AS EXECUTRIX, ETC., INTERVENER.

MANDAMUS—INTERVENTION—CLAIM AGAINST ESTATE—DISQUALIFICATION OF JUDGE. 1. Comp. Laws, 1900, sec. 3694, provides that any person shall be entitled to intervene in an action who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. A corporation of which the district judge was a stockholder brought *mandamus* to compel him to pass upon a claim against an insolvent estate: *Held*, that another claimant had sufficient interest to intervene by asking that he be compelled to call another judge.

2. Comp. Laws, 1900, sec. 2545, provides that a judge shall not act in a proceeding in which he is interested. Section 2869 provides that no district judge shall admit any will to probate, or grant letters, when interested as next of kin, legatee, or devisee, when named as executor or trustee, or when a witness to a will. Section 2870 provides that when precluded from acting from the above causes, or "when he shall in any manner be interested," he shall call in another judge to hold court: *Held*, that a judge who was a stockholder of a corporation presenting a claim against an estate was disqualified from passing thereon, and should call in another judge to act.

3. No formal application for the calling of a qualified judge to pass upon a claim against an estate was necessary where the record disclosed that the acting judge was disqualified.

4. The effect of the disqualification of a judge upon probate proceedings before such disqualification was disclosed will not be considered where no such question is presented by the record.

ORIGINAL *mandamus* by The State, on the relation of The Bullion and Exchange Bank, against C. E. Mack, District Judge. Dora Williams, as the administratrix of the estate of Evan Williams, deceased, intervenes. Application of relator denied and that of intervener granted.

The facts sufficiently appear in the opinion.

*Trenmor Coffin, James G. Sweeney* and *A. E. Cheney*, for Intervener, on right of intervention in *mandamus* proceedings:

I.   All the rules of practice and procedure applicable to ordinary civil actions are applicable to proceedings in *mandamus*, so far as the nature and circumstances of a somewhat summary proceeding will permit. (*State* v. *Gracey*, 11 Nev. 223, and authorities there cited; *State* v. *Curler*, 26 Nev. 347; *In re Bohnet* v. *The Mayor*, 150 N. Y. 280; Bliss on Code Pleadings, 3d ed. sec. 448.)

II.   "Any third person having an interest in the success of the relator or respondent in a *mandamus* suit, or an interest opposed to both, may intervene in the suit." (13 Enc. Pl. & Pr., p. 665.) "In order to be entitled to intervene, it is enough to have an interest in the success of either of the parties, or an interest opposed to both." (*State* v. *Pillsbury*, 31 La. Ann. 1, 8–9.)

III.   We have no case decided in recent years where intervention was refused upon the ground that intervention was not permissible in *mandamus* proceedings. (*State* v. *Wright*, 10 Nev. 167, 172–3; *Owens* v. *Colgan*, 97 Cal. 454; *People* v. *Austin*, 46 Cal. 521–2; *State* v. *Patterson*, 11 Neb. 269; *State* v. *Matley*, 17 Neb. 564; *White's Bank* v. *Farthing*, 101 N. Y. 344; *Brennan* v. *Hale*, 131 N. Y. 166, 168; *People* v. *Supervisors*, 135 N. Y. 528; *In re Bohnet* v. *The Mayor*, 150 N. Y. 279; *State* v. *Williams*, 99 Mo. 291, 293–5; *State* v. *Minneapolis & St. L. Ry. Co.*, 39 Minn. 219, 222–3; *Smith* v. *Power*, 2 Tex. 57; *Watkins* v. *Kirchain*, 10 Tex. 375; *Wright* v. *Neathery*, 14 Tex. 211; *Commonwealth* v. *Martin*, 170 Pa. St. 118, 123; *State* v. *Gratiot*, 17 Wis. 245–7; *Towle* v. *State*, 110 Ind. 120; *Livingston* v. *McCarthy*, 41 Kan. 20; *Beecher* v. *Anderson*, 45 Mich. 543, 547; Merrill on Mandamus, secs. 242a, 243, and authorities cited.)

IV.   Intervention in *mandamus* is readily permitted where there is an allegation of collusion or fraud. (*State* v. *Matley*, 17 Neb. 564; *State* v. *Gratiot*, 17 Wis. 245.) .

V.   Where it appears that other parties are necessary to a complete determination of a controversy in *mandamus* the court may order them brought in, or where it appears that other parties have an interest in the result of an action in

*mandamus*, the court may order a notice served upon them of the pendency of the proceedings. (*State* v. *Board of Equalization*, 10 Iowa, 160; *Elisha Strong, Petitioner*, 20 Pick. (Mass.) 484; *Cross* v. *W. Va. Ry. Co.*, 34 W. Va. 747; *White's Bank* v. *Farthing*, 101 N. Y. 348; Merrill on Mandamus, secs. 242a, 243, and authorities cited.)

*Alfred Chartz*, for Relator:

I. The right of intervention is granted by Section 3694, Compiled Laws of Nevada. Petitioner must have an interest in the matter in litigation, in the success of either of the parties to the action, or an interest against both. The right cannot be enlarged.

II. The first inquiry is: What is the matter in litigation? To ascertain this, we must go to the affidavit praying for the writ of mandate. The prayer is that this court command respondent to either approve or reject relator's claim filed against the estate of Evan Williams, deceased. Judge Mack answers that he does not act upon said claim because he is a stockholder in the Bullion and Exchange Bank, the claimant. The issue thus joined involves the construction by this court of Section 2896, Compiled Laws of Nevada, which is the real and sole object of the action, and there is no "matter in litigation" for the petitioner for intervention to have any interest in, either in the success of either party, or any interest against both.

III. The only interest said petitioner can possibly have in the action or proceeding is the same interest that every citizen has in a correct decision by this court as to the jurisdiction and authority of the district judges of this state, sitting as probate judges, to either approve or reject claims filed against the estate in which such judge may have an interest, and it is only upon the presumption that this court will not construe said section correctly, or a desire upon the part of petitioner for intervention that this court construe this section incorrectly, that any reason can be found for seeking to intervene.

IV. This court is not called upon to decide that the relator's claim is good, or bad, or is secured or unsecured, and it is not called upon to decide anything with reference to

the claim of petitioner for intervention. "*Cestui que trust* are entitled to intervene to protect their interests in suits affecting the trust property, but it has generally been held that such intervention will be allowed only when the trustee has been guilty of fraud or negligence, or is incompetent properly to represent the beneficiaries." (17 Am. & Eng. Enc. Law, 2d ed. p. 184.)

V. The authorities cited by counsel do not seem to dispute the right, but they fail to decide the point. The Enc. of Pl. & Pr., vol. 13, p. 665, stands as a text authority that the right does exist, and I cannot conceive of any good and valid reason why it should not exist, as well as in any other civil proceeding, but limited to the case made by the affidavit for relator and the writ, and the answer to it. "The investigation should be limited to such facts as are necessary to determine the rights of the parties properly before the court." (*State* v. *Wright*, 10 Nev. 173.)

*F. M. Huffaker* and *William Woodburn*, for Respondent:

I. The right to intervene and the mode of exercising such right is purely statutory. (*Chase* v. *Evoy*, 58 Cal. 348, 358.)

II. It seems to me clear that the legislature in enacting Section 3694 had in view Sections 3096 and 3097, but not 3543, and therefore no right to intervene in *mandamus* is given by our statute.

III. In any event petitioner is not within the statute. "The matter in litigation," between relator and respondent, is the refusal of respondent, as judge, to do what the law enjoins in the particular mentioned in the application for the writ. In this matter what possible interest has petitioner with relator, or respondent, or adversely to both? This court has said what this interest must be: "As a general rule we think it is well settled that to entitle a person to intervene he must have such an interest in the matter in litigation that he would gain or lose by the direct legal operation of the judgment which might be rendered in the suit between the original parties." (*Harlan* v. *Eureka M. Co.*, 10 Nev. 92, reaffirmed in *State* v. *Wright*, 10 Nev. 172.)

IV. The relief sought by relator is to have respondent act in probate and pass upon its claim. The relief sought

by petitioner is to have this court require respondent to call another judge to take jurisdiction of the remaining matter of the settlement of the estate of Evan Williams, deceased. Is not, then, the proposition of petitioner entirely distinct from the matter in litigation? Consequently cannot be permitted to intervene.

V.   Jurisdiction of the estate of deceased persons is a constitutional grant to the district courts.   Pursuant to this the legislature says:   "The district judge of a decedent's county shall have exclusive jurisdiction of the settlement of his estate." (Section 2786, Compiled Laws.)   Then a district judge having jurisdiction of an estate cannot call another judge to sit in such estate for any purpose, and if such other judge were called and came, he would be without jurisdiction.

VI.   The legislature has also said what shall oust a district judge of all jurisdiction of an estate.   (Section 2867, Compiled Laws.)   Nothing of which is alleged in the petition, but were it, I submit, it could not be inquired into by this court on *mandamus*.

VII.   However, if a district judge refuses to act for want of jurisdiction, this court, before directing him to act by *mandamus*, will determine he has jurisdiction. (*Cavanaugh* v. *Wright*, 2 Nev. 166; *Floral Springs Water Co.* v. *Rives*, 14 Nev. 431.)   And this court has expressly said, speaking by Justice Belknap: "The writ of *mandamus* lies to compel an inferior tribunal or board to exercise its judgment and render a decision when failure of justice would otherwise result from delay or refusal to act.   Their conclusions may be reviewed and, if erroneous, corrected, but not by this process." (*State* v. *Comrs. Eureka Co.*, 8 Nev. 309.)   To the same effect are *State* v. *Wright*, 4 Nev. 119; *Kean* v. *Murphy*, 19 Nev. 89; 14 Am. & Eng. Enc. Law, 108 (1st ed.), and cases.   Petitioner asks nothing of this, and cannot for this reason intervene.

VIII.   If respondent is now disqualified to proceed further he was *ab initio* unqualified to assume jurisdiction; then there is no administration of said estate, no will probated, and no claims against this estate, and nothing before this court.   Every act of respondent in said estate would be declared void, and another district judge would have to be called to, *ab initio*, exercise jurisdiction.   This necessarily

involves the jurisdictional right of respondent concerning said estate, but, having acted, assuming jurisdiction, this court on *mandamus* will not inquire into this.

IX. The legislature having plenary power, concerning this settlement of estates, to say what shall be done, when and by whom, has positively said that the judge having jurisdiction and his administration, and no one else, shall pass upon all claims filed. (Sec. 2896, Comp. Laws.)

X. Petitioner cannot be permitted to intervene for the further reason that she asks this court to disregard a positive law of legislature in probate, before cited, that the district judge of a decedent's county shall have exclusive jurisdiction of the settlement of his estate, and all she asks is, respondent having proceeded thus far with the settlement, that another district judge be called to finish the settlement. For this there is no authority of law.

XI. Petitioner has entirely mistaken her remedy. Instead of seeking her object by *mandamus*, she should have come by *certiorari*, for by this only can it be determined whether an act of a judge is in excess of his jurisdiction. (*Maynard* v. *Railey*, 2 Nev. 313; *Phillips* v. *Welch*, 12 Nev. 158; *Esmeralda Co.* v. *Dist. Ct.*, 18 Nev. 438; *Fletcher* v. *Osburn*, 24 Nev. 187.)

*Trenmor Coffin, James G. Sweeney* and *A. E. Cheney*, for Intervener, in reply:

I. "Intervention in *mandamus* is readily permitted where there is an allegation of collusion or fraud." (*State* v. *Matley*, 17 Neb. 564; *State* v. *Gratiot*, 17 Wis. 245; *State* v. *McCullough*, 20 Nev. 154–158; *Lord* v. *Veasie*, 8 How. U. S. 251; *Cleveland* v. *Chamberlain*, 1 Black, 419; *People* v. *Pratt*, 30 Cal. 223; *Fletcher* v. *Peck*, 6 Cranch, U. S. 147; 12 Enc. Pl. & Pr., p. 166, and authorities cited.)

II. How is the court to know whether petitioner for leave to intervene has such an interest as contemplated in the statute to entitle her to intervene, if she be not first allowed leave to intervene, so that she can present to the court the facts on which she bases her right to intervene? This was the procedure adopted in *State* v. *Wright*, 10 Nev. 167, and when the court had heard the merits in said action, and found them to be unmeritorious, it dismissed the petition.

III. We understand the law and the practice to be that the district court and judge shall decide that this court may review decisions already made, but should not give advice in advance as to what decisions should be made. Even collusion for a laudable purpose will not justify this court to give such advice in advance of a real and contested issue. (*State* v. *McCullough*, 20 Nev. 154.)

IV. The judge's belief as to whether he is or is not qualified does not affect the fact. He cannot remove the disqualification by disposing of his stock in the corporation. (*Adams* v. *Miner*, 121 Cal. 372.)

V. Relator and intervener are both creditors of the estate of Evan Williams. They both belong to the same class, that of creditors. Persons who belong to a class represented in a suit may be heard on petition or motion. (11 Enc. Pl. & Pr. 499, notes and authorities cited.)

VI. Intervener, as executrix, creditor and devisee, has both the interest of a receiver of a fund which is in the custody of the court, and of a creditor who is interested in the distribution of the fund. Her interest in either of such capacities is sufficient to entitle her to intervene and secure a proper administration and distribution of the fund, with all of the facts before the court to enable it to act and decide justly and intelligently. (*Ex parte Printup; Ex parte Elliott*, 87 Ala. 148; *Coffee* v. *Greenfield*, 55 Cal. 382; *Horn* v. *Volcano Water Co.*, 13 Cal. 62; 11 Enc. Pl. & Pr., p. 499, notes and authorities cited.)

VII. The court should grant leave to a party desiring to intervene unless it is evident that there is no legal foundation for the request. (*Savings Bank* v. *Circuit Judge*, 98 Mich. 173.)

VIII. Intervener alleges and relator admits collusion. In such case intervention should be allowed. (*State* v. *Matley*, 17 Neb. 564; *State* v. *Gratiot*, 17 Wis. 245.)

*Alfred Chartz*, for Relator, on the original petition:

I. Petitioner for intervention has been permitted to intervene, but she must take the suit as she finds it. (Vol. 17, p. 185, 2d ed. Am. & Eng. Enc. Law, and authorities there cited.) (*a*) She is bound by the record of the case at the time of her

intervention.  (Id.)   (*b*) If she claims property in contro-
versy she can interfere only so far as is necessary to prove
her right to it.   She cannot under such circumstances contest
the plaintiff's claim against the defendant, or raise an issue
as to the formality of the pleadings, or the regularity of the
procedure in the principal cause, nor can she plead exceptions
having for their object the dismissal of the action.  (Id.)
(*c*) She cannot change the issue between the parties, nor
raise a new one.   (Id.)   (*d*) She cannot insist upon a change
in the form of the proceedings, nor delay the trial of the
action.   (Id.)

II.   This court having decided that intervener has such
interest in the matter in litigation that she would either gain
or lose by the direct legal operation of the judgment which
might be rendered in either dismissing or issuing the writ,
and intervener being limited to the case made, her right is
therefore limited to the presentation of authorities and to
argument as to whether respondent should or should not act
upon the claim of relator.

III.   The answer of respondent to the affidavit of relator
and prayer for the writ admitting the truth of each and
every allegation in the affidavit, this court is bound to find
the facts to be as alleged, and, being limited by the case
made, this court cannot go outside of the record to hear any
testimony whatsoever, for any purpose whatsoever.

IV.   Section 133 of the probate act of 1861, being general
section 2800 of Bailey & Hammond's compilation, provided
that a probate judge having a claim against an estate, could
present the same, and that he could appoint a probate judge
of an adjoining county to either approve or reject the same.
If the contention of counsel for intervener is correct, that no
man should be judge of his own case, and that even an act
of parliament making a man a judge of his own case would
be unconstitutional, what right would a probate judge have
to designate another probate judge to judge of his case?
The very act of making such designation by the probate
judge having jurisdiction is an act of judgment in his own
case—as fully so as passing upon a claim of a corporation in
which he owns some of the stock.   In 1897 the legislature
passed a new probate act and repealed the old, and left out

Section 2800 referred to. Section 110 of the new act provides that any district judge may present a claim against the estate and have the same rights and remedies in reference thereto as any other creditor, thus providing that it shall go through the same channels, and the same chanceries, and take the same course as any other claim. Section 111 provides that all claims shall be presented to the district judge for his approval or rejection. This, then, brings us to the rule laid down in *Matter of Ryers, et al.*, 72 N. Y. 15: "That where a judicial officer has not so direct an interest in the cause or matter as that the result must necessarily affect him to his personal or pecuniary loss or gain, or where his personal or pecuniary interest is minute, and he has so exclusive jurisdiction of the cause or matter by constitution or statute, as that his refusal to act will prevent any proceeding in it, then he may act so far as there may not be a failure of remedy, or, as it is sometimes expressed, a failure of justice."

V. Judge Mack's action in either approving or rejecting relator's claim would in no wise affect intervener's remedy. His interest is minute. He has exclusive jurisdiction of the matter by statute.

*F. M. Huffaker* and *William Woodburn*, for Respondent:

I. The question involved in this proceeding arises from a condition in probate which is to be resolved under the provisions of the probate law only, as it relates to the settlement of an estate, which is vested exclusively in the district court of the county of the residence of the decedent (Section 1, Stats. 1897, p. 119). The judge of this district court is charged with certain duties in probate, obtaining jurisdiction of an estate, that he cannot delegate to any other judge when this condition exists. By virtue of the legislative will the jurisdiction is exclusive and the judge must perform the duties prescribed, and should he call another judge such judge would have no jurisdiction. Counsel for intervener say: "The respondent, being interested in the settlement of the estate of Evan Williams, deceased, is disqualified to act therein, other than to perform the duty enjoined by law of calling a district judge of another district to hold court in his county,"

citing Cutting's Statutes, secs. 2870, 2545. This, to say the least, is a misleading statement, for Section 2870 relates to Section 2869 only, which is: "No district judge shall admit to probate any will or grant letters, etc., in any case where he shall be interested as next of kin to the deceased, or as a legatee or devisee under the will, or where he shall be named as executor, etc." Which is not the case made by intervener, nor is respondent interested in the "settlement of the estate." The question in this proceeding concerns a claim against the estate, which is not a jurisdictional matter, and Section 2545 has no application. I admit, without qualification, if respondent came within either Section 2869 or 2545, he had no jurisdiction of the settlement of the estate of Evan Williams, deceased.

II. The interest of a judge in probate that disqualifies is specifically stated in Section 2869, and as to probate matters nothing else disqualifies, because the legislature has so stated, and as to estates the only authority is the probate act. When the legislature eliminated the provision of the former probate law regarding a claim being sent to another district judge, and enacted Section 2895, Cutting's Stats. (Sec. 110, act of 1897) that "Any district judge may file a claim against the estate of any deceased person, and have the same rights and remedies in reference thereto as any other creditor filing a claim," which are particularly specified in Section 2896, Comp. Laws, 1900, to have, within a given time, the executor or administrator endorse his action thereon, and the district judge, not the district court, act thereon, thus clearly evincing the intention of the legislature that, so far as claims against an estate are concerned, the district judge should pass upon all claims regardless of any interest he might have therein. In which matter the question of investing a district judge with the authority to hear and determine his own cause does not arise.

*Trenmor Coffin, James G. Sweeney,* and *A. E. Cheney,* for Intervener:

I. The respondent, being interested in the settlement of the estate of Evan Williams, deceased, is disqualified to act

therein other than to perform the duty enjoined by law of calling a "district judge of another district to hold court in his county." (Cutting's Stats. 2870, 2545.)

II. The principle is so fundamental that no man can be judge of his own cause that any attempt by the legislature to invest him with such a judicial power would be unconstitutional and his action void. (Cooley on Const. Lim., p. 506; *State* v. *Crane*, 36 N. J. Law, 394, 403; *State* v. *Castleberry*, 23 Ala. 88; Sutherland on Stat. Construction, 290, 291; *Frevert* v. *Swift*, 19 Nev. 363.)

III. The respondent, having entered upon the settlement of the estate of Evan Williams, deceased, every other district judge is precluded, by the rules of the district court, from doing any act or thing therein until requested by the respondent so to do. (Dist. Ct. Rule XLI.)

IV. The legal remedy which will defeat a *mandamus* "must be one which is adequate, that is, one which reaches the end intended and actually compels the performance of the duty refused." (11 Enc. Pl. & Pr. 498; *State* v. *Dist. Ct.*, 79 N. W. 960–962.)

V. "*Mandamus* will lie to compel an inferior judge to grant a change of venue, where, on account of his disqualification to try the cause, or for some other reason, he has no discretion to refuse to do so." (19 Am. & Eng. Enc. Law, 2d ed. 834; *Krumdick* v. *Crump*, 98 Cal. 117; *State* v. *Castleberry*, 23 Ala. 85; *Graham* v. *Penbee*, 111 Ill. 253, 259; *State* v. *Clayton*, 34 Mo. App. 563; 32 Pac. 800.)

VI. Pleadings in *mandamus* proceedings, under the code, are governed by the same rules as regulate pleadings in other actions; and facts properly pleaded and not denied are admitted. (13 Enc. Pl. & Pr. 734; *State* v. *City of Oshosh*, 70 N. W. 300.)

VII. In this case, the respondent has no discretion. His interest in the settlement of the estate is manifest and admitted. The duty enjoined by law is simply ministerial. The fact of his being interested in the settlement of the estate divests him of all discretion. (98 Cal. 119; *Heilbron* v. *Campbell, Judge*, 23 Pac. 122–3; *Gunn* v. *Lauder*, 87 N. W. 999, 1005.)

By the Court, Belknap, J.:

The relator brings *mandamus* to compel respondent, as district judge, to approve or reject that certain claim of relator for the sum of $19,360.98 against the estate of Evan Williams, deceased, which claim had been duly filed and presented and allowed in part by the executrix of said estate.

By his answer the respondent bases his refusal to act upon said claim upon the admitted fact that he is a stockholder of the relator.

Dora Williams, at the proper time, asked to intervene, basing her right thereto upon the admitted facts that she was the widow of the deceased, executrix and devisee of his last will and testament, and a creditor of the deceased, having filed her claim against the estate of deceased, upon which claim she had objected to repondent's taking any action for the reasons set up in respondent's answer to relator's petition, and that respondent had failed and refused to call another judge, as required by law, to act upon her said claim. She asked that the peremptory writ issue against respondent compelling him to call another judge.

It is averred, and not denied, that the estate of Williams is insolvent.

The pleadings present many other facts which we do not deem material.

Objection was made to the intervention at the proper time by relator and respondent, but the court made an order allowing the intervention.

It has been settled by the decisions of this court (*State* v. *Gracey*, 11 Nev. 223; *State* v. *Curler*, 26 Nev. 347) that a proceeding in *mandamus*, under our practice act regulating the same, is a civil remedy, with the qualities and attributes of a civil action.

By Section 599 (Comp. Laws 1900, sec. 3694) of the civil practice act, it is provided that any person shall be entitled to intervene in an action who has an interest in the matter in litigation, in the success of either of the parties to the action, or an interest against both.

Under the facts and this statutory rule, we are of the opinion that the intervener, as a claimant against the estate,

has such an interest in the subject-matter and interest against both as authorized the order of intervention. She is certainly interested as a claimant against this insolvent estate in having a qualified judge called to pass upon, not only the relator's claim, but her claim also.

The approval of claims by the district judge under the act regulating the settlement of estates (Comp. Laws 1900, sec. 2896) gives them the rank of acknowledged debts against the estate, and authorizes their payment in the course of administration; and while it is true that objections may be made on final accounting, yet the declared policy of the law is the speedy and inexpensive settlement of estates. It follows, therefore, that the validity or invalidity of claims against estates should be determined before payment, and not be held in abeyance until final account by the action of a disqualified judge.

The answer of respondent to relator's petition shows, as we believe, such an interest, under the facts, as would disqualify him to act upon relator's or intervener's claim under the rule of the common law or the rule of our civil practice act, if such rule should prevail in probate proceedings.

It is a rule of the common law that a judge shall not hear and determine actions in which he is interested (Cooley, Const. Lim. p. 506; *State* v. *Crane*, 36 N. J. Law, 394; *Bank* v. *McGuire*, (S. D.) 80 N. W. 1074, 47 L. R. A. 413), and it is the express declaration of our statute (Comp. Laws, 1900, sec. 2545) that a judge shall not act in an action or proceeding in which he is interested.

Under this statutory rule this court has held that the action of a disqualified judge is absolutely void. (*Frevert* v. *Swift*, 19 Nev. 364; *State* v. *Noyes*, 25 Nev. 49.)

Jurisdiction of probate matters is vested by our constitution in the district courts, and, if there were no other provision of law than the section of the civil practice act, *supra*, we would be disposed to hold that its language was sufficiently broad to apply to "proceedings" in probate; but we are not left in doubt as to what the rule should be, as the legislature, in the act regulating the settlement of estates of deceased persons (Comp. Laws 1900, secs. 2869, 2870), has declared in substance

and in effect the same rule prevailing under the civil practice act in civil actions.

By Section 2869, *supra*, it is provided that no district judge shall admit any will to probate, or grant letters testamentary or of administration in any case where he shall be interested as next of kin to the deceased, or as a legatee or devisee under the will, or when he shall be named as executor or trustee in the will, or shall be a witness thereto.

By Section 2870, *supra*, it is declared: "When any district judge who would otherwise be authorized to act, shall be precluded from acting from the causes mentioned in the preceding section, or when he shall in any manner be interested, he shall call a district judge of another district to hold the court of his county; and such judge shall hold such court and be vested with all the powers of the court and judge so disqualified, and shall retain jurisdiction as to all subsequent proceedings in regard to the estate."

This language is too plain to require construction. If the legislature did not intend that the interest of the judge, other than the interest specified in Section 2869, should disqualify him from acting, it would never have inserted in the section, "or when he shall in any manner be interested." If this language does not mean what it imports, it was useless and was meaningless.

The facts shown by respondent's answer to relator's petition and in the petition for intervention, not disputed, establish the respondent's disqualification, and under those facts nothing remained to be done except to call another judge, which the statute authorized and directed in mandatory terms.

No formal application for the calling of a qualified judge was necessary when the record disclosed that respondent was disqualified, as admitted here. (*Krumdick* v. *Crump*, 98 Cal. 117; *Heilbron* v. *Campbell*, (Cal.) 23 Pac. 122; *Gunn* v. *Lauder*, (N. D.) 87 N. W. 999.)

It is not necessary either to consider or discuss what the effect of the respondent's disqualification may or may not have been upon the proceedings in probate before such disqualification was disclosed, as no such question is presented by this record.

The peremptory writ upon the application of the relator will be denied, and granted upon the application of the intervener.

FITZGERALD, J., concurs in the order.

MASSEY, C. J., did not participate in the above decision.