SYLVESTER JACKSON AZBILL, Petitioner, v. HERMAN E. FISHER, Justice of the Peace, Las Vegas Township, County of Clark, Respondent, GERALD RALYA, Intervenor.

No. 5633

June 26, 1968                                    442 P.2d 916

*Wiener, Goldwater & Galatz,* of Las Vegas, for Petitioner.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Raymond D. Jeffers,* Deputy District Attorney, Clark County, for Respondent.

*Ross, Snyder, Goodman & Bryan,* of Las Vegas, for Intervenor.

# OPINION

By the Court, ZENOFF, J.:

Defendant Azbill was charged with murder and scheduled to appear for a preliminary examination in justice court. At the hearing he invoked the exclusionary rule, NRS 171.204, but the magistrate refused to exclude a representative of the press.[1] That judicial officer expressed his opinion that the doctrine of "the people have a right to know" was paramount to the statute and that instead of complying with Azbill's request he, the justice of the peace, would allow the press to be present during the hearing, but subject to restrictions of what the news reporter could write.

In an original mandamus proceedings before this court the

---

[1]NRS 171.204. "The magistrate shall, upon the request of the defendant, exclude from the examination every person except his clerk, the prosecutor and his counsel, the attorney general, the district attorney of the county, the defendant and his counsel, the witness who is testifying, the officer having the defendant or a witness in his custody, and any other person whose presence is found by the magistrate to be necessary for the proper conduct of the examination."

defendant now seeks a writ to compel the magistrate to comply with the statute and proceed with the preliminary hearing excluding all persons from the courtroom except as noted in the statute. A newspaper reporter has petitioned for leave to participate as an intervenor in these proceedings and asserts that the statute permitting a defendant a semi-closed courtroom is an infringement upon the constitutional doctrine of freedom of the press.[2]

1. Intervention is permissible in mandamus proceedings. See State v. Wright, 10 Nev. 167 (1875); State v. Mack, 26 Nev. 430, 69 P. 862 (1902); NRCP Rule 24(b). And although the intervenor's position is not to the benefit of the defendant, the principle involved is in the public interest. Accordingly, we grant the petition to intervene and will entertain the proceedings. Kirstowsky v. Superior Court, 300 P.2d 163 (Cal.App. 1956); United Press Associations v. Valente, 123 N.E.2d 777 (N.Y. 1954).

2. Since the instant case does not involve trial proceedings arguments based on the constitutional rights embodied in the 6th Amendment, the statutory provisions of NRS 169.160, and related cases are inapposite.

3. We turn then to consider the respondent's and intervenor's assertions that the exclusionary rule of NRS 171.204 abridges the freedom of the press contravening the guarantees of the First Amendment of the United States Constitution and Art. 1, Sec. 9 of the Nevada Constitution.

The courts fully appreciate the fundamental principles here involved. However, the constitutionally protected right conferred on the press does not embrace the right to access to sources for gathering information not available to the general public. The line is drawn at the courthouse door; inside the courtroom, the press enjoys no greater privilege than any other individual citizen. Estes v. Texas, 381 U.S. 532 (1965) (concurring opinion of Harlan, J.); Seymour v. United States, 373 F.2d 629 (5th Cir. 1967); Tribune Review Publishing Company v. Thomas, 254 F.2d 883 (3rd Cir. 1958); United Press Associations v. Valente, supra.

Unquestionably the public does have an interest in criminal

---

[2]U.S. Const., Amend. I. "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press * * *."

Nev. Const., Art. 1, Sec. 9. "* * * no law shall be passed to restrain or abridge the liberty of speech or of the press. * * *"

justice and its procedures. Judicial proceedings are considered public events in the sense that the public has a right to know what transpired.

But reporting the events that transpire during the course of a preliminary hearing for the public's information is not impaired by exclusion from the courtroom thereby denying a citizen or a reporter the opportunity to see and hear it first hand. The actual presence of the public or the press is not the only means of being informed as to what happened.

Moreover, their presence in no way enhances the purpose of a preliminary hearing and is not necessary to the conduct of the examination. The preliminary hearing takes place in a different context than a trial. There is no constitutional right to a preliminary hearing. It is a creature of statute, and as such, the proceedings are governed by statutory provisions. It is the legislative grant of a substantial right to the accused for his protection. People v. Elliot, 354 P.2d 225 (Cal. 1960). Its function is to protect one accused of a crime from hasty, improvident or groundless charges. Its purpose is to determine the basis for prosecution and the issue involved in the proceedings is not the question of guilt or innocence, but whether there is sufficient evidence for probable cause to hold the accused over to answer and stand trial. The magistrate is called upon to decide whether a crime has been committed and whether there is probable cause to believe that the named accused was the perpetrator.

This accusatory process most often involves the presentation of only one side of the case, the prosecution's version. An overriding consideration is the concern for possible trial bias from public information relating the details of the preliminary hearings. And for this reason one of the protections afforded the accused at this stage is that upon his request all unauthorized persons will be excluded from the courtroom during the hearing. It is a procedural safeguard of the accused's fundamental right to a fair and impartial jury should the matter later go to trial.

The policy of our statutes is clear; the rights accorded the accused under these circumstances are for his own protection. He may invoke them as he sees fit. Indeed, he may choose to waive the entire preliminary examination proceedings. NRS 171.196(1).

The legislature's determination in balancing the public's interest and that of the accused has resolved at this point to afford the accused certain measures of protection should he seek to avail himself of them. We cannot say that judgment was an improper exercise of legislative power. Nor can we say that because it denies access to a particular source of information that it violates the First Amendment freedom of the press or the public's right to know. Seymour v. United States, supra; United Press Associations v. Valente, supra; Tribune Review Publishing Company v. Thomas, supra.

Although some disagree with its wisdom for this reason alone we cannot outlaw a statute. These are singularly matters of legislative discretion and direction to secure the impartiality of jurors in criminal cases. Hayes v. Missouri, 120 U.S. 68 (1887); People v. Elliot, supra; United Press Associations v. Valente, supra (concurring opinion of Desmond, J.).

4. Absent any waiver by the accused, the preliminary examination must be held in accord with the procedures established by law and the magistrate may not disregard them. Nev. Const., Art. 6, Sec. 8;[3] also People v. Elliot, supra. By statute a magistrate at a preliminary hearing does not have discretionary power to obey or disobey a mandate pertaining to exclusion of unauthorized persons from the courtroom. People v. Elliot, supra; People v. Lopez, 384 P.2d 16 (Cal. 1963); People v. Prizant, 9 Cal.Rptr. 282 (Cal.App. 1961). That part of NRS 171.204 that reads "except * * * any other person whose presence is found by the magistrate to be necessary for the proper conduct of the examination" does not mean members of the general public or the press.

Failure of the magistrate to grant the defendant's motion to exclude persons from the courtroom during the preliminary examination was error and we grant the requested writ of mandate to direct the magistrate to comply with the statutory provisions of NRS 171.204.

5. Dispositive of the case is our decision that the magistrate's determination that he would disregard the accused's

___

[3]Nev. Const., Art. 6, Sec. 8. "The legislature shall determine * * * and fix by law their (justices of the peace) powers, duties and responsibilities and * * * shall have such criminal jurisdiction as may be prescribed by law."

statutory right is unlawful. We add that the propriety of his suggestion to regulate the news reports emanating from the hearing is unthinkable. If in the publishing of news certain prejudices may or do result provision is made that a fair trial is assured. Sheppard v. Maxwell, 384 U.S. 333, 358 (1966). See generally Geis, Preliminary Hearings and the Press, 8 U.C.L.A. L.Rev. 397 (1960–1961).

Application for writ of mandamus and application for intervention granted.

THOMPSON, C. J., COLLINS, BATJER and MOWBRAY, JJ., concur.