DAVID LEWIS DAVIS, APPELLANT, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 10113

September 22, 1977          569 P.2d 402

*Morgan D. Harris,* Public Defender, and *Terrence M. Jackson,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Jerry T. McGimsey,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

After being ordered to stand trial for robbery (NRS 200.-380), and attempted robbery (NRS 200.380; NRS 208.070), David Lewis Davis petitioned for habeas corpus, the thrust of

which contended the charges must be dismissed because, although requested, the magistrate refused to conduct a closed preliminary hearing. Habeas was denied and Davis has appealed.

Davis argues that under our decision in Azbill v. Fisher, 84 Nev. 414, 442 P.2d 916 (1968), a closed hearing was mandatory, if requested, thus we are compelled to reverse. Indeed, *Azbill* did so hold; however, the statute under which *Azbill* was decided (NRS 171.204) was subsequently amended and now provides that a closed hearing is discretionary.[1] *See* Stats. of Nev. 1969, ch. 364, p. 628. Here, Davis does not suggest that the magistrate's refusal to exclude the witnesses and conduct a closed hearing constituted an abuse of discretion; therefore, we affirm.

---

[1]NRS 171.204 now provides:

"The magistrate *may,* upon the request of the defendant, exclude from the examination every person except his clerk, the prosecutor and his counsel, the attorney general, the district attorney of the county, the defendant and his counsel, the witness who is testifying, the officer having the defendant or a witness in his custody, and any other person whose presence is found by the magistrate to be necessary for the proper conduct of the examination." (Emphasis added.)