CURTIS LEE, Jr., Appellant, *v.* SHERIFF OF CLARK COUNTY, Respondent.

No. 5833

June 12, 1969            455 P.2d 623

*Charles L. Kellar,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Charles E. Thompson,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, COLLINS, C. J.:

This is an appeal from a denial of a pretrial writ of habeas corpus.

Appellant urges two points of error on this appeal; they are:

I.  Should the complaint be dismissed because of failure to bring appellant before a magistrate "without unnecessary delay" as required by NRS 171.174 and 171.178?

II.  Should the complaint be dismissed because of failure to hold a preliminary hearing within 15 days as required by NRS 171.196(2)?

1.  This court on appeal must confine its review to the facts shown in the record. There is nothing in that record before us to demonstrate appellant was arrested before December 17, 1968, the same day he was taken before the magistrate for arraignment. Counsel attempt to supply other facts in their briefs; that may not be done. A Minor v. State, 85 Nev. 323, 454 P.2d 895 (1969). Accordingly, there is no way we can review the contention of appellant that he was not arraigned without unnecessary delay as required by NRS 171.174 and 171.178.

2.  The burden is upon the state to demonstrate good cause why appellant did not receive a preliminary hearing within 15 days as required by NRS 171.196(2). Oberle v. Fogliani, 82 Nev. 428, 420 P.2d 251 (1966); Ex parte Hansen, 79 Nev. 492, 387 P.2d 659 (1963); Ex parte Morris, 78 Nev. 123, 369 P.2d 456 (1962). However, in appealing a finding of good cause, the burden is upon appellant to designate and docket in this court an adequate record to enable us to review that finding. See A Minor v. State, supra; Mitchell v. Bromberger, 2 Nev. 345 (1866). The record before us is deficient in that respect. On appeal from denial of habeas corpus, there is a presumption the lower court did not commit error in its ruling. Water Co. v. Belmont Dev. Co., 50 Nev. 24, 249 P. 565 (1926); State v. Boyle, 49 Nev. 386, 248 P. 48 (1926);

A Minor v. State, supra. Absent any record to refute that presumption, the presumption will prevail.

Affirmed.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.