LEO E. SHELTON, Appellant, v. RALPH LAMB, Sheriff, Clark County, Nevada, Respondent.

No. 5873

FREDDIE L. PORTER, Appellant, v. RALPH LAMB, Sheriff, Clark County, Nevada, Respondent.

No. 5874

November 5, 1969

460 P.2d 156

*James D. Santini,* Public Defender, of Clark County, for Appellants.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, of Clark County, for Respondent.

## OPINION

By the Court, Batjer, J.:

The appellants, Leo E. Shelton and Freddie L. Porter, were arrested on December 14, 1968, on the charges of assault with a deadly weapon with intent to do bodily harm, kidnapping, robbery and larceny from the person. Porter appeared in the Justice's court on December 19,.1968, and Shelton appeared

on December 20, 1968. Both requested a preliminary examination within the time allowed by NRS 171.196(2),[1] and the hearings were set for December 30, 1968. On that date the state moved for a continuance because of the absence of the state's key witness. Over the objections of the appellants the hearings were continued until January 2, 1969 at the hour of 3:00 p.m. At the appointed hour on January 2, 1969, both the state and the appellants were ready to proceed, however, the justice of the peace *sua sponte* vacated the setting and continued the matter to January 6, 1969 at 2:00 p.m. for reassignment. The reason stated for the continuance was the overcrowded condition of that court's calendar.

On January 3, 1969, the appellants filed petitions for writs of habeas corpus claiming that they were being illegally detained because the court had, without good cause, continued the preliminary examination in violation of NRS 171.196(2).

At the hearing, in the consolidated cases, on the petitions for the writs of habeas corpus, the clerk of the justice's court was called as a witness for the state and she testified that on the afternoon of January 2, 1969 the justice's court calendar was in a crowded condition. The trial court also had before it the justice's court calendar for January 2, 1969, as well as the transcript of the proceeding in these cases on that day.

The writ was denied and these appeals were taken. We have consolidated these appeals because they present the same issues. These appellants contend that the district court erred in denying habeas because the justice of the peace had violated NRS 171.196(2). We disagree.

■■■■

The appellants seem to rest their contention upon the ground that the continuance was not for good cause because the justice of the peace who ordered the continuance failed to call in the other justice of the peace who also served in the township, or a justice of the peace from a contiguous township. They also quibble over whether or not the justice of the peace was working on criminal matters until 5:00 p.m. on January 2, 1969, but disregard the well-settled law of this state that the condition of the calendar, the pendency of other cases, the public expense, the health of the judge, and even the convenience of the court are good causes for a continuance.

---

[1]NRS 171.196(2): "If the defendant does not waive examination the magistrate shall hear the evidence within 15 days, unless for good cause shown he extends such time. Unless the defendant waives counsel, reasonable time shall be allowed for counsel to appear."

In State v. Squier, 56 Nev. 386, 54 P.2d 227 (1936), this court said:

". . . [T]hat the provision of the Constitution which requires that all defendants are entitled to a speedy trial is contingent on existing conditions and that if the facilities of the Court are such that they cannot expeditiously and harmoniously and safely proceed to trial that that provision of the Constitution does not require the waiving and disregard of these powers in a speedy trial; . . . ."

". . . [A] defendant cannot require of the trial court that it disregard the condition of its calendar, the pendency of other cases, public expense, and the convenience or health of judge, court officers, and jurors." Oberle v. Fogliani, 82 Nev. 428, 420 P.2d 251 (1966); Ex parte Groesbeck, 77 Nev. 412, 365 P.2d 491 (1961); Ex parte Hansen, 79 Nev. 492, 387 P.2d 659 (1963).

The record reflects that there were several different charges lodged against these appellants and it can reasonably be inferred therefrom that the preliminary examination might well have been protracted.

The justice of the peace made a considered determination that the justice's court calendar was not in a condition to proceed with the appellants' preliminary examination. The crowded condition of the calendar was good cause for a continuance beyond the 15 day limitation of NRS 171.196(2). The respondent has carried its burden of showing good cause for the delay. Lee v. Sheriff, 85 Nev. 379, 455 P.2d 623 (1969); Ex parte Morris, 78 Nev. 123, 369 P.2d 456 (1969); Ex parte Hansen, supra; Oberle v. Fogliani, supra.

The order of the district court denying the appellants' petitions for writs of habeas corpus is affirmed.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.