An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID TIMOTHY PRZYBYLA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64440

**FILED**

JUN 11 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery resulting in substantial bodily harm and damage to jail or other place of confinement. Fourth Judicial District Court, Elko County; Alvin R. Kacin, Judge.

First, appellant David Timothy Przybyla contends that the district court erred by rejecting his proposed jury instructions regarding disfigurement and prolonged physical pain.[1] "This court reviews a district court's decision to issue or not to issue a particular jury instruction for an

---

[1]The proposed instructions read as follows:

> You are instructed that there was no serious disfigurement adduced in this case.

> You are instructed that the alleged victim in this case suffered no permanent disfigurement.

> Prolonged physical pain means pain which has continued from the incident to date but which is not shown to be permanent.

abuse of discretion." *Ouanbengboune v. State*, 125 Nev. 763, 774, 220 P.3d 1122, 1129 (2009). The district court denied Przybyla's disfigurement instructions because it concluded that the instructions were a directed verdict on an element of the crime and that it was within the province of the jury to determine if there was substantial bodily harm. The district court denied the instruction regarding prolonged physical pain because the term needed no further definition. We conclude that the district court did not abuse its discretion by rejecting Przybyla's proposed instructions. *See* NRS 0.060; *Collins v. State*, 125 Nev. 60, 62, 203 P.3d 90, 91 (2009) ("[T]he phrase 'prolonged physical pain' has a well-settled and ordinarily understood meaning."); *Dawes v. State*, 110 Nev. 1141, 1146, 881 P.2d 670, 673 (1994) ("Words used in an instruction in their ordinary sense and which are commonly understood require no further defining instructions."); *Levi v. State*, 95 Nev. 746, 748, 602 P.2d 189, 190 (1979) (holding that it is within the jury's province to determine the seriousness or duration of injury).

Second, Przybyla contends that the district court erred by denying his special verdict form that separated substantial bodily harm into the four theories alleged by the State in the charging document. Przybyla argues that a verdict form indicating the basis of conviction was necessary to assure juror unanimity. "Although there is no per se prohibition, '[a]s a rule, special verdicts in criminal trials are not favored.'" *United States v. Reed*, 147 F.3d 1178, 1180 (9th Cir. 1998) (alteration in original) (quoting *United States v. O'Looney*, 544 F.2d 385, 392 (9th Cir.

SUPREME COURT
OF
NEVADA

(0) 1947A

2

1976)). Whether a special verdict should be used depends on "'the particular circumstances of [each] case,'" and the district court's decision is reviewed for an abuse of discretion. *Id.* (alteration in original) (quoting *O'Looney*, 544 F.2d at 392). The district court denied the special verdict form because it determined that there was no need for jury unanimity on the theory of substantial bodily harm. We conclude that the district court did not abuse its discretion by refusing the special verdict form. *See Richardson v. United States*, 526 U.S. 813, 817 (1999) (concluding that unanimity in the theory supporting an element of a crime is not necessary, as long as all jurors find that the element was proved beyond a reasonable doubt); *Anderson v. State*, 121 Nev. 511, 515, 118 P.3d 184, 186 (2005) (holding that the jury does not need to be unanimous on a particular theory of culpability to sustain a conviction for a single offense).

Third, Przybyla contends that the district court erred by denying his pretrial motion to dismiss based on an alleged statutory speedy trial violation. Appellant invoked his speedy trial right at his arraignment on April 22, 2013. Trial was scheduled as an alternative setting for June 18, 2013, but was subsequently rescheduled to August 13, 2013, when the primary setting went to trial. Przybyla filed a motion to dismiss, and the district court conducted a hearing. The district court denied the motion, concluding that there was good cause for the delay and that, considering the factors in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), the delay did not prejudice Przybyla.

A district court may dismiss a charging document if the defendant is not brought to trial within 60 days after arraignment. NRS 178.556(1). "A dismissal is mandatory only if the State cannot show good cause for the delay." *Meegan v. State*, 114 Nev. 1150, 1154, 968 P.2d 292, 294 (1998), *abrogated on other grounds by Vanisi v. State*, 117 Nev. 330, 22 P.3d 1164 (2001). We conclude that the district court did not err by determining that there was good cause for the delay. *See Shelton v. Lamb*, 85 Nev. 618, 619, 460 P.2d 156, 157 (1969) (recognizing "the well-settled law of this state that the condition of the calendar, the pendency of other cases, the public expense, the health of the judge, and even the convenience of the court are good causes for a continuance").

Fourth, Przybyla contends that there was insufficient evidence to support a finding of substantial bodily harm. He argues that the victim, a lay person, was the only one to testify about substantial bodily harm and asks this court to adopt a rule that would require expert medical testimony whenever substantial bodily harm cannot be discerned by simply viewing the victim. Our review of the record reveals sufficient evidence to establish substantial bodily harm beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998). The victim testified that as a result of Przybyla biting and hitting her, she suffered from pain and double vision in her eye, even after corrective surgery, she was scarred and in pain for weeks, and she continued to experience headaches. A rational juror could find beyond a

reasonable doubt that the victim suffered bodily injury that caused either "protracted . . . impairment of the function of any bodily member or organ" or "[p]rolonged physical pain" or both. NRS 0.060. It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). Furthermore, there is no statutory provision that medical or expert testimony is required to prove substantial bodily harm, and we decline to create such a requirement.

Having determined that Przybyla is not entitled to relief, we ORDER the judgment of conviction AFFIRMED.[2]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

---

[2]The fast track statement submitted by Przybyla does not comply with the Nevada Rules of Appellate Procedure because it does not include page numbers. *See* NRAP 32(a)(4). We caution counsel that future failure to comply with the rules of this court when filing briefs may result in the imposition of sanctions. *See* NRAP 3C(n).

cc: Hon. Alvin R. Kacin, District Judge
Elko County Public Defender
Attorney General/Carson City
Elko County District Attorney
Elko County Clerk