140 Nev., Advance Opinion 5

IN THE COURT OF APPEALS OF THE STATE OF NEVADA

JAMIE MARIE CHITTENDEN,
Appellant,
vs.
JUSTICE COURT OF PAHRUMP
TOWNSHIP,
Respondent.

No. 85383-COA

**FILED**

JAN 25 202~

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a petition for a writ of mandamus. Fifth Judicial District Court, Nye County; Kimberly A. Wanker, Judge.

*Affirmed.*

The Law Firm of Nathan L. Gent, PLLC, and Nathan L. Gent, Pahrump, for Appellant.

Aaron D. Ford, Attorney General, Carson City; Brian Kunzi, District Attorney, and Bradley J. Richardson, Deputy District Attorney, Nye County, for Respondent.

---

BEFORE THE COURT OF APPEALS, GIBBONS, C.J., and BULLA and WESTBROOK, JJ.

*OPINION*

By the Court, WESTBROOK, J.:

In this decision, we address NRS 171.196(2)'s requirement that a preliminary hearing be set within 15 days of a criminal defendant's initial

24-02915

appearance on a felony or gross misdemeanor charge unless good cause exists for the delay.[1] We conclude that when deciding whether good cause exists, the justice court must balance the defendant's constitutional right to conditional pretrial liberty against the interests of the State and the needs of the court. Further, the court must make findings on the record to justify any delay of the preliminary hearing and undertake efforts to ensure that the hearing is held as soon as practicable.

In this case, appellant Jamie Marie Chittenden filed a petition for a writ of mandamus in the district court seeking dismissal of the charges against her because the justice court scheduled her preliminary hearing 76 days after her initial appearance, while she remained in custody. The district court denied her petition because it found that good cause existed for this extraordinary delay. Although we conclude that the district court abused its discretion when it found good cause for the extreme delay in this case, we nevertheless affirm the district court's denial of Chittenden's petition for extraordinary writ relief on other grounds.

## PROCEDURAL AND FACTUAL HISTORY

In May 2022, a criminal complaint was filed against Chittenden and four other codefendants, and a warrant for Chittenden's arrest was issued. She was eventually arrested, and on July 28, 2022, Chittenden was brought to appear before the Pahrump Justice Court. The complaint alleged a total of sixteen counts against all codefendants, with five of those counts against Chittenden. Specifically, she was charged with one count of forgery, three counts of using another person's identifying information to harm or impersonate another person, and one count of conspiracy.

---

[1] We use the term preliminary hearing synonymously with "preliminary examination" as referenced in NRS 171.196(2).

Chittenden, who appeared in custody for her initial appearance, requested an own recognizance release or reduction in bail, which was set in the warrant at $70,000. After the justice court denied these requests, Chittenden invoked her right to a preliminary hearing within 15 days. However, the justice of the peace set Chittenden's preliminary hearing for October 12, 2022—76 days later.

Chittenden objected generally to the hearing setting as being outside of the 15-day window but did not request any specific form of relief. The justice court indicated that the October 12 date was "the soonest that we could put on a case of this magnitude, with this many [co]defendants" because otherwise,

> this case is all gonna be bifurcated and you're gonna have to have four separate or different judges, at least, to hear it. Because if I hear her case, then I can't hear any of the other ones, so that would have to go to another judge. And whatever case he hears, then he can't hear any of the other ones, so that would have to go to another judge. Logistically, I don't think that we can do it before then, because of those problems that would arise if we tried to bifurcate this case. And I'm not sure that the [district attorney's] office wants to bifurcate this case and have to pay four or five different times for witnesses to appear.

The State opposed the bifurcation, and without further discussion, the justice court left the preliminary hearing date unchanged.

Approximately one month after her initial appearance, Chittenden petitioned the district court for a writ of mandamus, arguing that the justice court scheduled her preliminary hearing beyond 15 days

(O) 1947B

without good cause in violation of NRS 171.196(2).[2] The writ petition requested that the district court compel the justice court to "follow the law as set forth by NRS 171.196" and to dismiss Chittenden's case. Without requiring a response from the State or hearing any argument from the parties, the district court denied the petition. In its order, the district court cited *Shelton v. Lamb*, 85 Nev. 618, 460 P.2d 156 (1969), and noted that the court's calendar, pendency of other cases, public expense, health of the judge, and convenience of the court are good causes for a continuance. Then, the court summarily concluded that "[i]n this case, the Justice of the Peace was within the parameters of the law to continue [Chittenden's] preliminary hearing to October 12, 2022."

On the day of her scheduled preliminary hearing, out of the five codefendants charged in the case, only Chittenden appeared in the justice court. She then unconditionally waived her preliminary hearing and agreed to plead guilty to one count of forgery—a category D felony—and to pay $2,950 in restitution. The parties also expressly stipulated on the record that Chittenden had preserved for appellate review the issues raised in her mandamus petition. She was then released on her own recognizance. Chittenden now appeals from the district court's order denying mandamus relief.

## ANALYSIS

At the outset, we note that this case presents an unusual procedural history. After the district court denied Chittenden's pretrial

---

[2]NRS 171.196(2) provides that if a defendant does not waive their right to a preliminary hearing, "the magistrate shall hear the evidence within 15 days, unless for good cause shown the magistrate extends such time."

petition for a writ of mandamus, she unconditionally waived her preliminary hearing pursuant to negotiations but expressly reserved her right to appeal the issue in her writ regarding the delay in her preliminary hearing. Before her sentencing hearing and before any judgment of conviction was entered, Chittenden filed a timely notice of appeal that challenged only the district court's order denying her writ petition. Neither party challenges appellate jurisdiction in this case, but before we can address the merits of Chittenden's appeal, we must first determine if the matter is properly before us. *See Mazzan v. State*, 109 Nev. 1067, 1075, 863 P.2d 1035, 1040 (1993) ("Where no court rule or statute provides for an appeal, no right to appeal exists.").

*This court has jurisdiction over Chittenden's appeal, and the issue is capable of repetition, yet evading review*

We first conclude that this court has jurisdiction over Chittenden's appeal from the district court's order denying mandamus. *See Ashokan v. State, Dep't of Ins.*, 109 Nev. 662, 665-66, 856 P.2d 244, 246 (1993) (providing that an appeal from a district court order denying a pretrial petition for a writ of mandamus is the proper remedy). NRS 2.090(2) provides that the Nevada Supreme Court "has jurisdiction to review upon appeal . . . an order granting or refusing to grant an injunction or mandamus in the case provided for by law." NRS 177.015(3) states that "[t]he defendant only may appeal from a final judgment or verdict in a criminal case," and an order of the district court denying a writ of mandamus is a final judgment within the meaning of NRS 177.015(3). *Ashokan*, 109 Nev. at 665, 856 P.2d at 246; *see also Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 604, 637 P.2d 534, 536 (1981) ("When disputed factual issues are critical in demonstrating the propriety of a writ of mandamus, the writ should be sought in the district court, with

appeal from an adverse judgment to this court." (citing NRS 34.160, NRS 34.220, and NRS 34.310)). Therefore, both NRS 2.090(2) and NRS 177.015(3) confer upon this court appellate jurisdiction over the district court's order denying Chittenden's petition for a writ of mandamus. *Ashokan*, 109 Nev. at 666, 856 P.2d at 246; Nev. Const. art. VI, § 4.

However, Chittenden's appeal challenges the delay of her preliminary hearing without good cause, and a violation of NRS 171.196(2) would have resulted in her unlawful confinement. *See Shelton*, 85 Nev. at 619, 460 P.2d at 157. We note that Chittenden's unconditional waiver of her preliminary hearing and subsequent plea rendered any pretrial detention issue moot. *See generally Valdez-Jimenez v. Eighth Jud. Dist. Ct.*, 136 Nev. 155, 156, 460 P.3d 976, 980 (2020); *see also Sheriff, Washoe Cnty. v. Myles*, 99 Nev. 817, 818, 672 P.2d 639, 639 (1983) (agreeing with the petitioner that "any illegality in the [defendant's] detention was moot upon the finding of probable cause and bind-over at the preliminary hearing"). Further, insofar as Chittenden sought writ relief directing the justice court to "follow the law" and hold her preliminary hearing within 15 days, this relief is no longer available.

Nonetheless, where an appeal is moot, this court may still consider it "if it involves a matter of widespread importance that is capable of repetition, yet evading review." *Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010). The party seeking to overcome mootness must show "that (1) the duration of the challenged action is relatively short, (2) there is a likelihood that a similar issue will arise in the future, and (3) the matter is important." *Bisch v. Las Vegas Metro. Police Dep't*, 129 Nev. 328, 334-35, 302 P.3d 1108, 1113 (2013); *see also Valdez-Jimenez*, 136 Nev. at 158, 460 P.3d at 982.

The parties did not address mootness in their briefing. However, "[b]ecause mootness is an element of justiciability and raises a question as to our jurisdiction, we consider the matter sua sponte." *Aguirre v. S.S. Sohio Intrepid*, 801 F.2d 1185, 1189 (9th Cir. 1986). In doing so, we conclude that, although Chittenden's appeal is moot, the issue presented here is within the exception to the mootness doctrine.

As to the first factor, the 15-day window provided in NRS 171.196(2) is short in duration, such that a writ petition challenging an allegedly unlawful delay is unlikely to be heard before that window expires. Further, a challenge to an unlawful delay will become moot whenever a case is resolved by dismissal, negotiation, or bind-over. *See Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975) ("Pretrial detention is by nature temporary, and it is most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted.").

As to the second factor, we note that there were 32,787 new felony and gross misdemeanor cases filed in Nevada's justice courts during the 2023 fiscal year. 2023 Nev. Sup. Ct. Ann. Rep. app. tbl. B5-1. Given that all criminal defendants charged by criminal complaint with a gross misdemeanor or felony are statutorily entitled to a preliminary hearing, there is a substantial likelihood that a similar issue will arise in the future based on the volume of cases alone. *See* NRS 171.196(1).

Finally, as to the third factor, the issue in this case is of widespread importance. Nevada's appellate courts have not addressed the subject of good cause to delay an initial preliminary hearing setting beyond 15 days since the 1970s. *See Stevenson v. Sheriff, Clark Cnty.*, 92 Nev. 535, 536, 554 P.2d 255, 255 (1976). Our analysis of this issue will "affect many

arrestees" and involves the defendant's constitutional right to conditional pretrial liberty. *Valdez-Jimenez*, 136 Nev. at 160, 460 P.3d at 983; *Johnston v. Eighth Jud. Dist. Ct.*, 138 Nev., Adv. Op. 67, 518 P.3d 94, 102 (2022). Further, deciding this issue "would provide guidance to judges" who are tasked with determining a defendant's custody status and scheduling critical hearings. *Valdez-Jimenez*, 136 Nev. at 161, 460 P.3d at 983. Therefore, because the issue presented in Chittenden's appeal is capable of repetition, yet evading review, we choose to consider her issue on the merits notwithstanding Chittenden's unconditional waiver of her preliminary hearing. We now turn to the merits of Chittenden's claim.

*The district court abused its discretion in finding good cause for Chittenden's preliminary hearing delay*

Chittenden argues that the district court erroneously denied her petition for a writ of mandamus because the justice court set her preliminary hearing beyond 15 days of her initial appearance without good cause in violation of NRS 171.196(2). The State responds that the district court correctly denied her writ petition because the justice court had good cause to schedule her preliminary hearing 76 days after her initial appearance due to the nature of the case and the court's calendar.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, NRS 34.160, or to control a manifest abuse or arbitrary or capricious exercise of discretion, *Round Hill*, 97 Nev. at 603-04, 637 P.2d at 536. Chittenden argued in her writ petition that the justice court manifestly abused its discretion when it "arbitrarily and capriciously" set her preliminary hearing 76 days after her initial appearance without good cause to do so in violation of NRS 171.196(2). In its order denying the writ, the district court recited several of the potential grounds for good cause

listed in *Shelton* and then summarily concluded that good cause existed in this case, without explicitly identifying the good cause that justified the extraordinarily lengthy delay.

We review an order denying a request for mandamus relief for an abuse of discretion. *Roller v. State*, 122 Nev. 223, 226, 130 P.3d 653, 655 (2006). A justice court's assessment of good cause under NRS 171.196(2) is likewise reviewed for an abuse of discretion. *See In re Search Warrants (Little Darlings)*, 139 Nev., Adv. Op. 23, 535 P.3d 673, 678 (Ct. App. 2023) (providing that Nevada's appellate courts have typically held that "good cause" determinations are within the court's discretion). However, in this case, even under a deferential standard of review, we conclude that the district court abused its discretion in finding good cause for the delay of Chittenden's preliminary hearing.

In *Shelton*, the Nevada Supreme Court addressed consolidated appeals by two appellants who alleged that the justice court violated their statutory right to a preliminary hearing within 15 days under NRS 171.196(2) by setting their hearings 17 and 18 days after the appellants' respective initial appearances. 85 Nev. at 619-20, 460 P.2d at 157-58. In examining whether good cause existed to delay the preliminary hearings, the supreme court provided several possible grounds that could constitute good cause, including the "condition of [the court's] calendar, the pendency of other cases, public expense, and the convenience or health of judge, court officers, and jurors." *Id.* at 620, 460 P.2d at 157. The court then concluded that good cause existed for the minor delays in the appellants' preliminary hearings. *Id.* Similarly, in *Stevenson*, 92 Nev. at 536, 554 P.2d at 255, the supreme court found there was good cause to set the appellant's preliminary hearing 19 days after his initial appearance and extended the potential

grounds for good cause under NRS 171.196(2) to include overcrowded court calendars.

Here, in contrast to the minor delays in *Shelton* and *Stevenson*, the justice court set Chittenden's preliminary hearing 76 days after her initial appearance in justice court, or 61 days beyond the statutory threshold. This delay amounted to more than *four times* the 15-day window provided for in NRS 171.196(2).

To justify the extensive delay in this case, the justice court identified two grounds that it believed constituted good cause: (1) that bifurcating the five codefendants into five separate preliminary hearings would require five different justices of the peace to preside over the hearings and (2) that having five separate preliminary hearings would cause undue financial hardship on the State because it would "have to pay four or five different times for witnesses to appear." On their face, these reasons initially appear to comport with *Shelton* and *Stevenson*, which permit consideration of the justice court's calendar and public expense. However, these proffered good cause reasons for the delay were premised on mistakes of law and fact and were unsupported by the record. In addition, the justice court failed to consider Chittenden's constitutional interest in conditional pretrial liberty when it scheduled her preliminary hearing 76 days after her initial appearance, during which time Chittenden remained in custody after her request for a release or reduction in bail was denied. Therefore, under the circumstances of this case, the district court abused its discretion when it found that the justice court had good cause to delay Chittenden's preliminary hearing.

*The justice court's good cause determination was based on mistakes of law and fact*

The justice court's first given reason, that bifurcating Chittenden's preliminary hearing would require separate preliminary hearings for each of the five codefendants, with a different justice of the peace to preside over each hearing, was legally incorrect. As a matter of law, there was no requirement that the justice court bifurcate *all* five codefendants into five separate preliminary hearings. For example, the justice court could have held two or more separate hearings, with one for the defendants who invoked their right to a speedy hearing and one for those who waived that right.

Further, even if the justice court did hold five separate preliminary hearings, presiding over one would not have required the justice of the peace to disqualify himself from presiding over all others. "[A] judge has a general duty to sit, unless a judicial canon, statute, or rule requires the judge's disqualification." *Millen v. Eighth Jud. Dist. Ct.*, 122 Nev. 1245, 1253, 148 P.3d 694, 700 (2006). This court also expects "judges, including every one of our limited jurisdiction judges in the State of Nevada, to disregard improper, inadmissible, or impalpable evidence and base their findings and decisions only on admissible evidence." *Canarelli v. Eighth Jud. Dist. Ct.*, 138 Nev. 104, 109, 506 P.3d 334, 339 (2022); *see also State, Dep't of Highways v. Campbell*, 80 Nev. 23, 33, 388 P.2d 733, 738 (1964) ("[W]here inadmissible evidence has been received by the court, sitting without a jury, and there is other substantial evidence upon which the court based its findings, the court will be presumed to have disregarded the improper evidence."); *Randell v. State*, 109 Nev. 5, 7, 846 P.2d 278, 280 (1993) (stating that judges "spend much of their professional lives separating the wheat from the chaff" (internal quotation marks omitted)).

Generally, "what a judge learns in his official capacity does not result in disqualification." *Kirksey v. State*, 112 Nev. 980, 1007, 923 P.2d 1102, 1119 (1996). To be disqualified, it must be shown that a bias stems "from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from participation in the case," *Whitehead v. Nev. Comm'n on Jud. Discipline*, 110 Nev. 380, 428 n.45, 873 P.2d 946, 976 n.45 (1994), or that the judge learns something during the course of performing judicial duties and "forms an opinion that displays a deep-seated favoritism or antagonism that would make fair judgment impossible," *Canarelli*, 138 Nev. at 109, 506 P.3d at 339 (internal quotation marks omitted).

Here, anything the justice of the peace would have learned from a preliminary hearing would have been in his official capacity, and he would not have been inherently disqualified from sitting in successive preliminary hearings in the same underlying case. Indeed, we note that the same justice of the peace would presumably hear similar information about the case whether he presided over a single preliminary hearing or over two or more different hearings. Accordingly, the justice court's belief that holding more than one preliminary hearing in this case would require hearings before multiple other justices of the peace is without legal basis.

The justice court's second given reason for delaying Chittenden's preliminary hearing—that having separate preliminary hearings would place an undue financial burden on the State—is also untenable in these circumstances. "The preliminary examination is not intended to be a mini-trial." *Parsons v. State*, 116 Nev. 928, 936, 10 P.3d 836, 841 (2000). The State set forth no factual basis for the justice court to conclude that bifurcating Chittenden's hearing would have caused any

hardship, including an undue financial burden, on the State. *Cf. Lee v. Sheriff of Clark Cnty.*, 85 Nev. 379, 380, 455 P.2d 623, 624 (1969) ("The burden is upon the state to demonstrate good cause why appellant did not receive a preliminary hearing within 15 days as required by NRS 171.196(2)."). The State did not address how many witnesses it required, where those witnesses were located, or what additional expense would be incurred in having separate hearings.[3] Chittenden was also named in less than one-third of the charges filed, which suggests that the State would not have been required to present all of the same evidence or witnesses at the codefendants' preliminary hearings.

Therefore, we conclude that the justice court's decision to delay Chittenden's preliminary hearing 76 days from her initial appearance on these grounds was patently unreasonable and a manifest abuse of discretion. Insofar as the district court determined that the justice court's stated reasons constituted good cause under *Shelton*, it also abused its discretion.

*The justice court also failed to consider Chittenden's constitutional right to conditional pretrial liberty*

As noted above, *Shelton* provided a nonexhaustive list of potential reasons that could establish good cause to delay a preliminary hearing beyond 15 days under NRS 171.196(2). However, when *Shelton* was decided in 1969, the preliminary hearing was not yet recognized as a critical stage in the proceedings. *See Victoria v. Young*, 80 Nev. 279, 284, 392 P.2d 509, 512 (1964) (concluding that the preliminary hearing is not a critical stage in the proceedings), *overruled on other grounds by Shelby v.*

---

[3]We also note that the record indicates the elderly victim in this case had passed away prior to Chittenden's initial appearance.

*Sixth Jud. Dist. Ct.*, 82 Nev. 204, 211, 414, P.3d 942, 945-46 (1966). Because the preliminary hearing was not considered a critical stage, the hearing had few constitutional implications beyond a limited right to counsel. *Compare Messmore v. Fogliani*, 82 Nev. 153, 154-55, 413 P.2d 306, 306-07 (1966) (holding that an unrepresented defendant's Sixth Amendment rights were violated only because witness testimony taken during the preliminary hearing was introduced at trial), *with Kaczmarek v. State*, 120 Nev. 314, 326, 91 P.3d 16, 25 (2004) (recognizing that Sixth Amendment rights attach at the time that "adversarial proceedings" commence, including preliminary hearings); *see also Patterson v. State*, 129 Nev. 168, 174, 298 P.3d 433, 437 (2013) (recognizing the preliminary hearing as a critical stage in the proceedings). As a result, the potential good cause grounds identified in *Shelton* did not take into account the constitutional rights of the accused, nor did it address how a lengthy delay might impact those constitutional rights.

While *Shelton*'s list of potential grounds to find good cause remains good law, the Nevada Supreme Court recently recognized that "[p]retrial release and detention decisions implicate a liberty interest— conditional pretrial liberty—that is entitled to procedural due process protections." *Johnston*, 138 Nev., Adv. Op. 67, 518 P.3d at 102 (quoting *Holland v. Rosen*, 895 F.3d 272, 297 (3d Cir. 2018)). The court acknowledged this fundamental pretrial liberty interest attaches after arrest. *See Valdez-Jimenez*, 136 Nev. at 162, 460 P.3d at 984 (citing *United States v. Salerno*, 481 U.S. 739, 750 (1987), for the proposition that "the individual's strong interest in liberty" is "fundamental"). The court then recognized that this constitutional interest is not limited to a defendant's initial arrest, but also applies when a defendant is later remanded into

custody pending a hearing to determine their custody status. *See Johnston*, 138 Nev., Adv. Op. 67, 518 P.3d at 102. In light of *Johnston* and *Valdez-Jimenez*, we necessarily conclude that the right to conditional pretrial liberty applies to defendants awaiting their preliminary hearings, which also may involve "[p]retrial release and detention decisions" based on the justice court's probable cause findings. *Id.*

We recognize, however, that there has been no clear guidance on how this constitutional right applies to a defendant's statutory right to a preliminary hearing within 15 days. We therefore take this opportunity to clarify how the defendant's constitutional rights articulated in *Johnston* and *Valdez-Jimenez* impact the justice court's determination of good cause for a delay under NRS 171.196(2), and we conclude that the court must balance the constitutional rights of the defendant against the interests of the State and the needs of the court when evaluating good cause.

Though a preliminary hearing itself is not a constitutional mandate,[4] a defendant's detention pending their preliminary hearing nonetheless implicates their constitutional interest in conditional pretrial liberty and must be considered in the justice court's evaluation of good cause for a delay under NRS 171.196(2). *Johnston*, 138 Nev., Adv. Op. 67, 518 P.3d at 102 ("The timing of a hearing, if one is required, is often of fundamental importance for due process."); *see also Thompson v. State*, 86 Nev. 682, 683, 475 P.2d 96, 97 (1970) ("Statutes prescribing filing times and

---

[4]*Azbill v. Fisher*, 84 Nev. 414, 418, 442 P.2d 916, 918 (1968) ("There is no Constitutional right to a preliminary hearing."), *superseded by statute on other grounds as stated in Davis v. Sheriff, Clark Cnty.*, 93 Nev. 511, 512, 569 P.2d 402, 403 (1977).

trial dates serve as protection against oppression of people accused of crimes.").

Therefore, when evaluating good cause to set a preliminary hearing beyond 15 days from the initial appearance, justice courts must consider the defendant's custody status and any applicable conditions of pretrial release. The court must also consider the length of the anticipated delay. *See Chavez v. Dist. Ct.*, 648 P.2d 658, 660 (Colo. 1982) (finding that relief in the form of case-ending sanctions was warranted when the appellant remained in custody for over a month due to the prosecution's lack of preparedness where Colorado law required a preliminary hearing within 30 days); *cf. Shelton*, 85 Nev. at 619, 460 P.2d at 156-57 (affirming preliminary hearing settings 2 and 3 days beyond the 15-day statutory threshold); *Stevenson*, 92 Nev. at 536, 554 P.3d at 256 (affirming a preliminary hearing setting 4 days beyond the 15-day statutory threshold).

An extensive delay beyond the initial 15 days, such as Chittenden's, will more substantially impact a defendant's constitutional rights, particularly when the defendant remains incarcerated. *See McGee v. Sheriff, Clark Cnty.*, 86 Nev. 421, 423, 470 P.2d 132, 133 (1970) (noting that pretrial detention during "the pendency of a criminal charge may subject an accused to public scorn, deprive him of his employment and curtail his speech and associations"). On the other hand, longer delays can more easily be justified when the defendant is neither detained nor subject to onerous conditions of pretrial release, and so the justice court may readdress the defendant's custody status contemporaneously with its good cause analysis. *Cf.* NRS 178.499(1) (permitting the justice court, upon its own motion, to increase the amount of bail for good cause); *Salaiscooper v.*

*Eighth Jud. Dist. Ct.*, 117 Nev. 892, 900-01, 34 P.3d 509, 515 (2001) ("The justice courts have express authority to consider constitutional issues[.]").

However, when considering a delay's impact on the defendant's constitutional rights, the justice court must "balanc[e] the interest of the State against fundamental fairness to a defendant with the added ingredient of the orderly functioning of the court system." *State v. Moriwake*, 647 P.2d 705, 712 (Haw. 1982) (quoting *State v. Braunsdorf*, 297 N.W.2d 808, 817 (Wis. 1980) (Day, J., dissenting)); *see also Bullock v. Superior Ct. of Contra Costa Cnty.*, 264 Cal. Rptr. 3d 699, 714 (Ct. App. 2020) (balancing due process interests in a timely preliminary hearing against the specific risks of COVID-19).

The Nevada Supreme Court has already recognized circumstances where the State would be entitled to a continuance of the preliminary hearing. *See, e.g.*, *Hill v. Sheriff, Clark Cnty.*, 85 Nev. 234, 235, 452 P.2d 918, 919 (1969) (recognizing that good cause to continue a preliminary hearing may exist when a subpoenaed witness is unavailable). We see no reason why the anticipated unavailability of a witness, and other grounds that may constitute good cause for a *continuance*, should not also be relevant considerations when *initially* setting a preliminary hearing. Further, as already established by *Shelton*, the justice court may take into account the needs of the court when determining whether good cause exists for a delay, including the court's calendar and the pendency of other cases. 85 Nev. at 620, 460 P.2d at 157; *Stevenson*, 92 Nev. at 537, 554 P.3d at 255.[5]

---

[5]We note that a defendant may waive the right to a preliminary hearing within 15 days, *see* NRS 171.196(2), in which case a good cause analysis is not required.

Court of Appeals
of
Nevada

(O) 1947B

17

What constitutes good cause to set a preliminary hearing outside 15 days under NRS 171.196(2) is not subject to a bright-line rule and will vary based on the facts and circumstances of each case. *See Shelton*, 85 Nev. at 620, 460 P.2d at 157. However, the justice court must make findings of fact as to what constitutes good cause so that the reviewing court is not left to speculate as to the justice court's reasoning. *Bullock*, 264 Cal. Rptr. 3d at 714; *see also State v. Ruscetta*, 123 Nev. 299, 304, 163 P.3d 451, 455 (2007) ("Although certain facts may be inferred from the district court's ruling, we decline to speculate about the factual inferences drawn by the district court." (internal quotation marks omitted)).

Thus, "[t]he record must reflect that the [delay] was reasonable in both purpose and length" when the justice court determines that a delay is justified. *State v. Martin*, 384 N.E.2d 239, 242 (Ohio 1978) (internal quotation marks omitted). And there should be a "nexus between the [reason for the delay] and the purported need to delay the hearing." *Bullock*, 264 Cal. Rptr. 3d at 714. Therefore, when finding that good cause exists to set a preliminary hearing beyond 15 days, the justice court must make findings, either in writing or on the record, as to why the delay is justified and should also undertake efforts to set the preliminary hearing as soon as possible after the 15-day period.

In this case, the justice court manifestly abused its discretion by failing to consider Chittenden's constitutional interest in conditional pretrial liberty when evaluating good cause for the delay. Prior to setting her preliminary hearing, the court denied Chittenden's request for a release or reduction in bail, and so Chittenden remained in custody for more than two months before the State was required to meet its statutory burden to prove "that there [was] probable cause to believe that an offense has been

committed and that [Chittenden] committed it." NRS 171.206. The 61-day delay in this case was extraordinary, particularly when compared with the two-, three-, and four-day delays deemed justified in *Shelton* and *Stevenson*. In fact, by setting her preliminary hearing 76 days from the date of the initial appearance, the justice court delayed Chittenden's preliminary hearing beyond the time that she would have been statutorily entitled to a *trial*. *See* NRS 178.556 (providing that the court may dismiss a case if the accused is not brought to trial within 60 days after the arraignment on an indictment or information). Further, the record does not reflect that the court made any efforts to set Chittenden's hearing within 15 days or as soon as possible thereafter.[6]

Although the justice court's good cause determination addressed its own interest regarding the pendency of other cases and the court's calendar as well as the State's interest in avoiding unnecessary public expense, as detailed above, the court's justifications for the delay were premised on mistakes of law and fact. When balancing Chittenden's strong constitutional interest against the interests of the State and court in

---

[6]The State argues on appeal that, even in the absence of good cause, Chittenden was required to show that the delay prejudiced her. We disagree. Notably, the State relied on authorities addressing a constitutional speedy trial claim, including *Barker v. Wingo*, 407 U.S. 514 (1972), and *Doggett v. United States*, 505 U.S. 647 (1992). However, unlike a constitutional speedy trial violation where the defendant is required to demonstrate prejudice, *see Barker*, 407 U.S. at 530, a defendant is not required to show prejudice when asserting a statutory violation of NRS 171.196(2), which places the burden exclusively on the State to establish good cause for the delay, *Lee*, 85 Nev. at 380, 455 P.2d at 624. Nevada has not previously required a defendant to show prejudice if the State fails to satisfy its burden to establish good cause under NRS 171.196(2), and we decline to impose such a requirement here.

this case, the proffered good cause was plainly inadequate to justify the 61-day delay, and the district court abused its discretion in finding otherwise. *See Round Hill*, 97 Nev. at 603-04, 637 P.2d at 536.

*Other grounds support the denial of the petition for a writ of mandamus*

While we agree with Chittenden that there was no good cause to justify the delay in her preliminary hearing, her petition for a writ of mandamus sought remedies that the district court could not provide. As noted above, a writ of mandamus is only available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control a manifest abuse or arbitrary or capricious exercise of discretion. *Id.* at 604, 637 P.2d at 536; NRS 34.160. In her writ petition, Chittenden requested that the district court compel the justice court both to "follow the law as set forth by NRS 171.196" and to dismiss the case.

Chittenden's first request for relief, that the district court compel the justice court to "follow the law," would have required the justice court to set her preliminary hearing within 15 days under NRS 171.196(2). When initially setting a preliminary hearing, NRS 171.196(2) provides that the magistrate "shall" set the hearing within 15 days unless the time is extended for good cause, and thus, assuming there is no good cause for a delay, the statute reflects a nondiscretionary obligation. *See Markowitz v. Saxon Special Servicing*, 129 Nev. 660, 665, 310 P.3d 569, 572 (2013) ("The word 'shall' is generally regarded as mandatory."). Because the statute is mandatory, mandamus could arguably apply to compel the justice court to set a preliminary hearing within 15 days under NRS 171.196(2). However, in this case, Chittenden's request was moot; her hearing could not have been

set within 15 days because Chittenden waited a month after her initial appearance to file the writ petition.[7]

That left Chittenden's request for dismissal as the only viable request for relief that remained. However, Chittenden failed to request dismissal in the justice court in the first instance. "Mandamus lies to correct clear error or an arbitrary abuse of discretion by the [justice] court, a standard that requires adequate presentation of the issue to the [justice] court for decision in the first instance." *PN II, Inc. v. Eighth Jud. Dist. Ct.*, No. 71051, 2016 WL 5400225 (Nev. Sept. 16, 2016) (Order Denying Petition for Writ of Mandamus and Prohibition) (internal citations omitted) (citing *United States v. U.S. Dist. Ct.*, 384 P.3d 1202, 1205 (9th Cir. 2004) (declining to consider as a basis for mandamus an argument not presented to the lower court)); *see also Plata v. Schwarzenegger*, 560 F.3d 976, 984 (9th Cir. 2009) ("It would be most inappropriate for this court to address issues . . . by the extraordinary writ of mandamus before the [lower] court has dealt with them."). The district court in this case could not have properly compelled the justice court to grant Chittenden's request for dismissal because Chittenden neither requested dismissal in the justice court in the first instance, nor was the justice court required to dismiss her case sua sponte. *See Sheriff, Clark Cnty. v. Hatch*, 100 Nev. 664, 666 n.1, 691 P.2d 499, 450 n.1 (1984).[8]

---

[7]We note that Chittenden's writ petition did not request to revisit her bail or custody status.

[8]There is no statutorily mandated dismissal remedy for a violation of NRS 171.196(2). *Cf.* NRS 178.556(1) (providing that the district court "may dismiss the complaint" or "indictment or information" for an unnecessary trial delay). As the Nevada Legislature has expressly provided a dismissal

Further, insofar as Chittenden requested that the district court compel the justice court to dismiss her case because the delay in her preliminary hearing resulted in her unlawful detention, Chittenden's request for relief was not properly raised in a mandamus writ petition. Rather, the appropriate vehicle to challenge unlawful detention resulting from an alleged violation of NRS 171.196(2) is a petition for a writ of habeas corpus. *Id.* ("[W]here an accused is detained unlawfully by reason of violation of jurisdictional procedural requirements, denial of a speedy trial, or other proper grounds, a district court may review the legality of the detention on habeas corpus."). Although "[a] pretrial writ of habeas corpus is not the proper avenue to challenge a discretionary ruling," *State v. Nelson*, 118 Nev. 399, 404, 46 P.3d 1232, 1235 (2002), as noted above, NRS 171.196(2) obligates the justice court to set the preliminary hearing within 15 days in the absence of good cause for a delay. Thus, Chittenden's request to dismiss her case due to her unlawful detention should have been raised in a petition for a writ of habeas corpus.

---

remedy for improper delays that violate a defendant's statutory right to a speedy trial, the absence of a similar statutory remedy for an improper delay before a preliminary hearing is presumed intentional. *See State, Dep't of Tax'n v. DaimlerChryster Servs. N. Am., LLC*, 121 Nev. 541, 548, 119 P.3d 135, 139 (2005) ("Nevada law also provides that the omissions of subject matters from statutory provisions are presumed to have been intentional."). However, dismissal without prejudice has been recognized as a *discretionary* remedy in similar circumstances. *See, e.g., Sheriff, Clark Cnty. v. Blackmore*, 99 Nev. 827, 829, 673 P.2d 137, 138 (1983) (providing that a magistrate's dismissal at the preliminary hearing is without prejudice unless the prosecution acted in a willful or consciously indifferent manner); *McNair v. Sheriff, Clark Cnty.*, 89 Nev. 434, 439, 514 P.2d 1175, 1178 (1973) (noting the prosecution's acknowledgment that the "justice of the peace correctly denied the State's motion for continuance and dismissed its complaint against appellant").

Therefore, the district court properly denied her petition for a writ of mandamus, albeit on other grounds. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal.").

*CONCLUSION*

In summary, we conclude that good cause did not exist to delay Chittenden's preliminary hearing for an additional 61 days beyond the 15-day threshold as set forth in NRS 171.196(2). Insofar as the district court found that good cause existed for the delay, the district court abused its discretion. Further, the justice court manifestly abused its discretion in failing to consider Chittenden's constitutional right to conditional pretrial liberty when it delayed her preliminary hearing, during which time Chittenden remained in custody.

When evaluating whether there is good cause to delay an initial preliminary hearing setting beyond 15 days, justice courts must balance the defendant's constitutional rights against the interests of the State and the needs of the court. And we hold that justice courts must make findings as to why a delay is justified and must undertake efforts to ensure that the preliminary hearing is held as soon as possible thereafter.

Even though we conclude that good cause did not exist for the delay in this case, the district court properly denied Chittenden's petition for a writ of mandamus because the two forms of relief she requested were

COURT OF APPEALS
OF
NEVADA

(O) 1947B

unavailable to her. Accordingly, we affirm the district court's decision, albeit on other grounds.

_____, J.
Westbrook

We concur:

_____, C.J.
Gibbons

_____, J.
Bulla

COURT OF APPEALS
OF
NEVADA

(O) 1947B