140 Nev., Advance Opinion 54

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
HARDEEP SULL, BAR NO. 12108.

No. 86781

**FILED**

AUG 22 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a disciplinary board hearing panel's order dismissing a complaint against an attorney.

*Reversed; attorney reprimanded.*

Daniel M. Hooge, Bar Counsel, and R. Kait Flocchini, Assistant Bar Counsel, Reno,
for State Bar of Nevada.

Richard Harris Law Firm and David A. Clark, Las Vegas,
for Respondent Hardeep Sull.

---

BEFORE THE SUPREME COURT, HERNDON, LEE, and BELL, JJ.

*OPINION*

By the Court, BELL, J.:

In this matter, we consider whether attorney Hardeep Sull violated the Nevada Rules of Professional Conduct (RPC) concerning the safekeeping of client funds and the duties owed to a client when terminating representation. Specifically, the rules require attorneys to deposit "[a]ll funds received or held for the benefit of clients . . . including advances for

 
24-30045

costs and expenses" into a designated client trust account, "to be withdrawn by the lawyer only as fees are earned or expenses incurred." RPC 1.15(a), (c). We conclude that Sull violated RPC 1.15 when she charged a flat fee for a limited scope representation but failed to deposit that fee into a client trust account. We further conclude that Sull violated RPC 1.16(d), which requires an attorney to "refund[ ] any advance payment of fee[s] or expense[s] that has not been earned or incurred" when the client terminates that representation. Because the hearing panel erred when it concluded that Sull did not violate either of these rules, we reverse the hearing panel's order dismissing the disciplinary charges against Sull. Based on the clear evidence supporting violations of RPC 1.15 and RPC 1.16, and considering the circumstances, we conclude that a reprimand serves the purpose of attorney discipline.

## BACKGROUND

Hardeep Sull has been licensed to practice law in Nevada since 2010 and has no prior discipline. Sull's practice primarily consists of immigration matters. In June 2021, a preexisting client retained Sull to prepare and file an E-2 Visa Application. For this representation, the client agreed to pay Sull a flat fee of $15,000, plus a $750 client file fee. The fee agreement provided that, in the event of early termination, Sull's "time completed on the matter will be billed at an hourly rate" of $395 per hour and that Sull would "refund any unused portion of the costs and/or expenses." The client wired the full $15,000 to Sull's firm's operating account. Within a month, Sull had withdrawn all of those funds without attributing the withdrawals to the E-2 Visa matter. At no time did Sull place the client's funds into the firm's client trust account.

In December 2021, the client informed Sull that he did not want to move forward with the E-2 Visa Application. As a result, Sull never filed

Supreme Court
OF
Nevada

(O) 1947A

2

the application. The next month, the client requested that Sull provide an accounting of work performed on the matter and a refund of any unearned fees. Sull promised to provide the requested accounting within a month but failed to do so. The client continued to request an accounting for several months and eventually filed a grievance with the State Bar. After the parties participated in a fee dispute mediation, Sull provided the client with an accounting. In early 2023, Sull refunded the client $3,500.

The State Bar filed a disciplinary complaint against Sull, alleging that Sull violated RPC 1.15 (safekeeping property) by failing to deposit the client's funds into a client trust account and RPC 1.16 (declining or terminating representation) by failing to provide the client with an accounting or a refund of unearned fees when the client terminated the representation. The hearing panel unanimously concluded that Sull (1) did not violate RPC 1.15 because the $15,000 was a flat fee that did not have to be deposited into a client trust account and (2) did not violate RPC 1.16 because the client did not terminate the representation. The panel dismissed the complaint. The State Bar appeals, arguing that the panel erred in concluding that Sull did not violate RPC 1.15 and RPC 1.16.

## DISCUSSION

"Our review of the panel's findings of fact is deferential . . . so long as they are not clearly erroneous and are supported by substantial evidence." *In re Discipline of Colin*, 135 Nev. 325, 330, 448 P.3d 556, 560 (2019) (internal citation omitted). We review the panel's conclusions of law, including "whether the factual findings establish an RPC violation," de novo. *Id.* (discussing SCR 105(3)(b)).

*Because a flat fee is not earned upon receipt, Sull violated RPC 1.15 by failing to deposit the client's funds in her trust account*

The Nevada Rules of Professional Conduct require that "[a]ll funds received or held for the benefit of clients by a lawyer . . . shall be deposited in [the lawyer's] trust account." RPC 1.15(a); *see also* SCR 78(1)(a) (requiring attorneys to "deposit all funds held in trust in this jurisdiction" into a trust account). "All funds held in trust" includes fees paid in advance of the lawyer providing the agreed-upon services. "Legal fees and expenses that have been paid in advance" may "be withdrawn [from the trust account] by the lawyer only as fees are earned or expenses incurred." RPC 1.15(c). The rules are clear that fees paid in advance may only be withdrawn as the fees are earned. Accordingly, fees paid in advance must be placed into the lawyer's trust account until the lawyer earns the fees by performing the agreed-upon work. Although the rules allow a lawyer to charge a fixed or "flat" rate for legal services, the lawyer must still account for the work performed to demonstrate that the fee has been earned. *See* RPC 1.5(a)(8) (permitting a lawyer to charge a fixed fee for services). An attorney cannot avoid accounting for work performed by labeling the fee as a "flat fee." Indeed, "[t]he client must be in a position to understand what the lawyer will do for the agreed upon fees, and, of equal importance, what the lawyer will not do. Simply put, the client must know what [the client] bargained for." *In re Seare*, 493 B.R. 158, 206 (Bankr. D. Nev. 2013) (emphasis omitted), *as corrected* (Apr. 10, 2013), *aff'd*, 515 B.R. 599 (B.A.P. 9th Cir. 2014).

The American Bar Association recently issued an opinion addressing the proper treatment of flat or fixed fees paid in advance. "If a flat or fixed fee is paid by the client in advance of the lawyer performing the legal work, the fees are an advance. Use of the term 'flat fee' or 'fixed fee'

Supreme Court
of
Nevada

(O) 1947A

4

does not transform [an] arrangement into a fee that is 'earned when paid.'" ABA Comm. on Ethics & Pro. Resp., Formal Op. 505, at *4 (2023). We agree. Fees paid in advance of legal services being performed are not earned upon receipt. When a lawyer receives an advance of fees, "that fee must be placed in a Rule 1.15-compliant trust account, to be disbursed to the lawyer only after the fee has been earned." *Id.* A prudent way to comply with the rule would be to set milestones by which specified portions of an advanced fee may be earned. *Id.* at *5 (citing *In re Mance*, 980 A.2d 1196, 1202, 1204-05 (D.C. 2009)). Doing so "allows the lawyer to be paid in part before the end of the representation and provides some assistance in determining the refund amount in case of early termination." *Id.* For example, once the lawyer reaches a certain stage of representation or completes a designated task, they could provide the client with an accounting demonstrating that the task has been completed, and then the lawyer could transfer the agreed-upon portion of funds for that task out of the trust account. "Of course, 'extreme "front-loading" of payment milestones in the context of the anticipated length and complexity of the representation' may not be reasonable." *Id.* (quoting *Mance*, 980 A.2d at 1204-05).

The fee agreement at issue provided that the $15,000 fee was for "legal services to be rendered" and indicated that Sull would send billing statements to the client explaining how any deposited fees would "be applied towards the balance of the legal services rendered." By the terms of the agreement, the client's fees in this matter were paid in advance. Consistent with RPC 1.15(c), those fees should have been deposited in a client trust account and withdrawn by Sull only as fees were earned or expenses incurred. Sull instead treated the funds as "earned upon receipt," placing the client's funds directly into her operating account without first

performing the work to earn those funds. By doing so, Sull violated RPC 1.15. We cannot agree with the hearing panel's contrary conclusion.

*The client terminated Sull's representation before she completed the task for which she was retained*

The Nevada Rules of Professional Conduct provide that, "[u]pon termination of representation, a lawyer shall . . . surrender[ ] papers and property to which the client is entitled and refund[ ] any advance payment of fee or expense that has not been earned or incurred." RPC 1.16(d). The question here is whether the client terminated the representation.

Sull's client had previously retained Sull for two other matters, one of which is still pending. Each matter was distinct and had its own fee agreement. *See* RPC 1.2(c) ("A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent."). The third matter was the E-2 Visa Application, which formed the basis of the State Bar's complaint. The record establishes that the client terminated the representation for the E-2 Visa after Sull had completed some work but before Sull filed the application. Because the E-2 Visa was a separate representation from the other matters, we conclude that the client terminated the representation, triggering RPC 1.16. The fact that Sull remained counsel of record for the client on an unrelated matter has no bearing on whether the client terminated Sull's representation for the E-2 Visa. The record fails to support the hearing panel's finding that the client had not terminated the representation.

Sull delayed providing the client with an accounting of work performed and a refund of unearned fees for several months after the representation for the E-2 Visa terminated. The record demonstrates by clear and convincing evidence that Sull violated the duty to "surrender[ ]

(O) 1947A

papers and property to which the client is entitled and refund[ ] any advance payment of fee or expense that has not been earned or incurred." RPC 1.16(d); *see also In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995) (recognizing the burden of proof in a disciplinary matter).

*A reprimand is appropriate discipline for Sull's violations*

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Although the hearing panel's recommendation is persuasive, we determine the appropriate discipline de novo. *See In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001); SCR 105(3)(b).

Based on the record provided, we conclude that the State Bar proved by clear and convincing evidence that Sull's actions caused actual or potential injury to the client by depriving the client of access to and use of the client's own funds for over one year. *See In re Watt*, 717 N.E.2d 246, 248-49 (Mass. 1999) ("Deprivation arises when an attorney's intentional use of a client's funds results in the unavailability of the client's funds after they have become due, and may expose the client to a risk of harm, even if no harm actually occurs."). The record also supports that Sull negligently violated RPC 1.15 and knowingly violated RPC 1.16. Because the most serious misconduct was the knowing violation of duties owed when the client terminated the representation, the baseline sanction, before considering aggravating or mitigating circumstances, is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, at Standard 7.2 (Am. Bar Ass'n 2023)

SUPREME COURT OF NEVADA

(O) 1947A

7

("Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system.").

The record further demonstrates substantial evidence of one aggravating circumstance (substantial experience in the practice of law) and five mitigating circumstances (absence of a prior disciplinary record, absence of a dishonest or selfish motive, personal or emotional problems, cooperative attitude toward proceedings, and character and reputation). *See* SCR 102.5 (listing "[a]ggravating and mitigating circumstances [which] may be considered in deciding what sanction to impose"). Given that this is Sull's first discipline and that the mitigating circumstances significantly outweigh the one aggravating circumstance, we conclude that a downward deviation from the baseline sanction is appropriate. Considering all of the factors, we conclude that a reprimand serves the purpose of attorney discipline. *See In re Discipline of Arabia*, 137 Nev. 568, 571, 495 P.3d 1103, 1109 (2021) (recognizing that the purpose of attorney discipline is to protect the public, the courts, and the legal profession).

## CONCLUSION

Sull violated the Nevada Rules of Professional Conduct by mishandling client funds and by failing to account for and refund client funds after the client terminated her representation. Given the clear evidence of violation, we reverse the hearing panel's order dismissing the disciplinary charges against Sull. Considering the aggravating and mitigating circumstances, particularly that Sull has had no prior attorney discipline, we conclude that a reprimand is sufficient to serve the purpose of attorney discipline.

Accordingly, we reprimand attorney Hardeep Sull for violating RPC 1.15 (safekeeping property) and RPC 1.16 (declining or terminating

 

representation). Sull shall pay the costs of the disciplinary proceedings, including $1,500 under SCR 120, within 30 days after the State Bar provides an invoice for those costs. The State Bar shall comply with SCR 121.1.

_____, J.
Bell

We concur:

_____, J.
Herndon

_____, J.
Lee

SUPREME COURT
OF
NEVADA

(O) 1947A